Nelly Mariana MISIUM, Appellant,

v.

George R. MISIUM, Appellee.

No. 11–94–082–CV.

Court of Appeals of Texas,
Eastland.

June 29, 1995.

Rehearing Overruled July 20, 1995.

Paul T. Fanning, John Alan Goren, Dallas, for appellant.

George Misium, Plano, for appellee.

## Opinion

WRIGHT, Justice.

The trial court entered a post-answer default decree of divorce in which it granted joint managing conservatorship, ordered that George R. Misium, petitioner, pay child support in the amount of $300 per month, and divided real and personal property. Nelly Mariana Misium, the respondent below, appeals. We reverse and remand.

Appellee filed an original petition for divorce in 1992. Appellant timely filed an original answer and counter-petition for divorce. On November 4, 1993, appellant's counsel received a letter by facsimile regarding settlement proposals from appellee's counsel. The letter concluded, "If we have not received a reply to this by November 12, 1993, I will file a motion to conduct a social study since we have a trial date coming up on January 10, 1994, at 1:30 P.M."[1] On November 8, 1993, appellant's attorney filed a motion to withdraw as her attorney. The motion to withdraw stated that there were "no court hearings or trials set in this matter." Appellant signed a copy of the motion, signed a proposed copy of the order granting same, and received her file from her attorney on November 8, 1993. The trial court granted the motion by written order dated November 9, 1993. That same day appellant's attorney mailed copies of the motion and the order permitting withdrawal to appellee's attorney. A copy of that letter was mailed to appellant. There was no further activity until January 10, 1994, at which time the trial court held the final divorce hearing. Appellant was not present at the hearing. Appellee's attorney mailed a copy of the final decree to appellant. Appellant then filed a motion for new trial which was heard and overruled by operation of law.

■ In her first point of error, appellant argues that the trial court erred in rendering judgment because she was not given proper notice of the trial setting.

TEX.R.CIV.P. 10 provides:

An attorney may withdraw from representing a party only upon written motion for good cause shown.... If another attorney is not to be substituted as attorney for the party, *the motion shall state:* that a copy of the motion has been delivered to the party; that the party has been notified in writing of his right to object to the motion; whether the party consents to the motion; the party's last known address *and all pending settings and deadlines.* If the motion is granted, the withdrawing attorney shall immediately notify the party in writing of any additional settings or deadlines of which the attorney has knowledge at the time of the withdrawal and has not already notified the party. The Court may impose further conditions upon granting leave to withdraw. Notice or delivery to a party shall be either made to the party in person or mailed to the party's last known address by both certified and regular first class mail. (Emphasis added)

Dallas Civil District Court Rule 1.25 sets forth additional requirements for the withdrawal of counsel:

No attorney of record shall be permitted to withdraw from any case without presenting a motion and obtaining from the Court an order granting leave to withdraw. When withdrawal is made at the request of or on agreement of client such motion shall be accompanied by the client's written consent to such withdrawal or a certificate by another lawyer that he has been employed to represent the client in the case.... Unless allowed in the discretion of the Court, no such motion shall be presented within thirty (30) days of the trial date or at such time as to require delay of the trial. After leave is granted, *withdrawing attorney shall send the client a letter by regular mail notifying him of the withdrawal, stating any settings for trial or otherwise, and advising him to secure other counsel, and shall send a copy of such*

---

1. The legal assistant for appellant's attorney testified at the hearing on appellant's motion for new trial that she mailed a copy of this letter to appellant. Evidence of appellant's receipt of this letter is in dispute.

*letter to opposing counsel and to the Clerk of the Court in which the case is pending.* (Emphasis added)

 When a statute or court rule provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *John v. State,* 826 S.W.2d 138, 141 n. 4 (Tex.1992); *Rotello v. Brazos County Water Control & Improvement District No. 1,* 574 S.W.2d 208, 212 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

TEX.R.CIV.P. 10 and Dallas Civil District Court Rule 1.25 require an attorney who is withdrawing from a case to notify the client of any pending settings. Here, appellant's attorney stated in the motion to withdraw that there were no settings. That motion was approved by the trial court. Appellant's attorney failed to comply with the requirements set forth in TEX.R.CIV.P. 10 and Dallas Civil District Court Rule 1.25. The trial court had a duty to require appellant's attorney to comply with both rules in order to protect appellant's right to be notified of any pending settings. See *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986); *Moss v. Malone,* 880 S.W.2d 45, 51 (Tex.App.—Tyler 1994, writ den'd). Even if we were to assume that the letter from appellee's attorney to appellant's attorney constituted notice to appellant, the setting representations in the motion to withdraw superseded any earlier setting notice. The last information which appellant had was that there were no settings. No notices of setting were given to appellant subsequent to the date of the order granting the motion to withdraw. Appellant was entitled to notice of the setting, and failure to notify her is a violation of due process under the fourteenth amendment to the Constitution of the United States. *Peralta v. Heights Medical Center, Inc. d/b/a Heights Hospital,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988). Appellant's first point of error is sustained.

Because of our holding on the first point, appellant's remaining points of error need not be addressed.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.