NUMBER 13-99-516-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


DANNY HILAL, INDIVIDUALLY, 

AND D/B/A DREAM HOME REALTY , Appellant,


v.


LUIS GATPANDAN AND ZENAIDA GATPANDAN , Appellees.

__________________________________________________________________


On appeal from the 157th District Court

of Harris County, Texas.

__________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Castillo and Amidei (1)

Opinion by Justice Amidei


This is a restricted appeal from a judgment in favor of Louis Gatpandan and Zenaida Gatpandan, appellees. 

 Danny Hilal, appellant, answered appellees' suit but did not appear at trial. 

Appellant's appeal is based on two issues: (1) whether he was given proper notice of the trial setting, and (2) whether an
agreement was unenforceable because it did not comply with rule 11 of the Texas Rules of Civil Procedure.

Standard of Review

A direct attack on a judgment by writ of error must: (1) be brought within six months after the trial court signs the
judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be
apparent from the face of the record. Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). 
Review by writ of error affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire
case. Id. The only restriction on the scope of writ of error review is that the error must appear on the face of the record. Id.

 The 1997 rules amendments changed the name "writ of error appeal" to "restricted appeal." Tex. R. App. P. 26.1(c).

Factual Background


Appellees alleged that their homeowner's association Nottingham Country Fund, Inc. ("Nottingham") obtained a default
judgment against them for annual assessments in the amount of $6,786.58 on July 25, 1995, which they were seeking to
void because they were not properly served with citation. On February 6, 1996, appellant purchased appellee's property
from Nottingham for $16,600.00 at a sale conducted by a constable. On February 16, 1996, appellant filed a forceable
entry and detainer case to evict appellees' tenants and occupants (Armando Abito). On or about April 24, 1996, appellant
and the appellees, through their attorney, agreed to a final order predicated upon appellant's promise not to apply for a writ
of possession, and to relinquish any claim of ownership by providing a special warranty deed to the property, if appellees
paid appellant $25,000.00 on or before May 6, 1996. Appellees performed their part of the agreement by sending a
$25,000.00 cashier's check payable to appellant by messenger (Armando Abito) to appellant's office on May 6, 1996, but
appellant refused to see Abito and forced him to leave. On May 7, 1996, appellant applied for a writ of possession and
demanded immediate possession of the property. On May 12, 1996, appellant met with Abito at the property and took
possession of the $25,000.00 cashier's check with the understanding that he would not proceed with the eviction and would
either deliver a special warranty deed as previously agreed or return the check. The Abito family was forced to leave the
property and appellant took possession by enforcement of appellant's writ of possession notwithstanding appellant's
acceptance of the $25,000.00 cashier's check. On May 24, 1996, appellees made demand to appellant for the return of the
cashier's check or the delivery of a special warranty deed for the property by May 29, 1996, or suit for damage would ensue. 
There being no response to such demand, on June 6, 1996, this suit was filed against appellant to declare the default
judgment void; void appellant's deed and right to possession; regain possession of their property to resume their lease
agreement with the Abito family and seek damages for the appellant's tortuous conduct, breach of contract and conversion.

On August 20, 1998, the trial court granted the motion of all the parties for continuance and rescheduled the August 24,
1998, trial date to January 4, 1999.

On August 25, 1998, the trial court sent written notice to all parties by and through their respective attorneys of record
setting trial for the two week period beginning January 4, 1999 and scheduling docket call for December 14, 1998.

On October 13, 1998, appellant's attorney, Richard Battaglia, at appellant's request, filed a motion to withdraw as counsel.

All parties were ordered to appear at the December 14, 1998, docket call which was scheduled in the trial court's order
resetting trial generated on August 20, 1998, and signed by the trial judge on August 25, 1998.

The trial was held on January 4, 1999. Appellant did not appear at the trial. Notice of judgment was sent to appellant, pro
se, at the address contained in the Certificate of Last Known Address which accompanied attorney Battaglia's motion to
withdraw.

The trial court judgment was signed on January 5, 1999.

On July 2, 1999, appellant filed Notice of Restricted Appeal.

Issues Presented


Appellant's issue number one inquires whether he was given proper notice of the trial setting. Appellant complains that
when he fired his attorney he stated in his motion to withdraw that the case was not set for trial when it actually was set for
trial, the trial court knew or should have known appellant did not have notice of the trial. Also, appellant claims he was not
called to the court according to rule 3.4.3 of the Harris County District Court Rules.

The case was set for trial on January 4, 1999, pursuant to an agreed motion of all the parties on August 20, 1998. The trial
court followed up on August 25, 1998, and sent written notice to all parties by and through their respective attorneys of
record setting trial for the two week period beginning January 4, 1999, and scheduling docket call for December 14, 1998. 
The case had been set for trial previously. The motion to withdraw by appellant's attorney, although subsequent to the
setting motion, did not change the trial setting, notwithstanding the erroneous statement by the attorney that the case was
not set for trial. There is no dispute appellant received the notice of setting sent by the court on August 25, 1998.

Appellant asserts he was not given "reasonable notice" pursuant to rule 245 of the Texas Rules of Civil Procedure or
pursuant to rule 3.4 of the Rules of the Civil Trial Division, Harris County District Courts. These rules provide as follows:

The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of
not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; provided, however, that
when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable
notice to the parties or by agreement of the parties. * * *

Tex. R. Civ. P. 245. (emphasis supplied).

Manner of setting. Cases shall be set for trial by order of the court. HARRIS (TEX.) CIV. DIST CT. LOC R. 3.4.1.

Date of setting. Cases shall be set for trial for a date certain. If a case is not assigned to trial by the second Friday after the
date it was set, whether because of a continuance or because it was not reached, the court shall reset the case to a date
certain. Unless all parties agree otherwise, the new setting must comply with all requisites of T.R.C.P. 245. HARRIS
(TEX.) CIV. CT. LOC R. 3.4.2.

Assignment to Trial. A case is assigned to trial when counsel are called to the court to commence the jury or non-jury trial
on the merits. * * * HARRIS (TEX.) CIV. DIST. CT. R. 3.4.3.

We take judicial notice of the Rules of the Civil Trial Division, Harris County District Courts. Tex. R. App. P. 201. 
Appellant argues that the trial court should have required Battaglia, appellant's former attorney to file a corrected motion
and to provide notice to appellant, or the trial court should have provided additional notice to appellant. Appellant
recognizes that since the trial setting was not a first setting the only notice he was entitled to was "reasonable notice". The
agreement of the parties on August 20, 1998, and the notice the court sent to all the parties' attorney's on August 25, 1998,
was reasonable notice. Also, reasonable notice could have included a phone call from the court, or a notice sent by
non-certified/registered mail. The cited rules do not require evidence of the "reasonable notice" to be filed of record. The
court could have sent appellant a notice by mail or used the telephone to notify appellant, but was not required to
affirmatively enter in the court files proof of such notification. Gen. Elec. Co. v. Falcon Ridge Apts., Joint Venture, 811
S.W.2d 942, 944 n. 1 (Tex. 1991). The supreme court agrees that a rule amendment requiring such notice to be shown on
the face of the record would be preferable to "disturbing well-established limitations on the scope of writ of error review" . 
(emphasis added). Id. Appellant claims there is nothing in the record to reflect that he was called to court during the two
week period following January 4, 1999. Also, there is nothing in the record to reflect whether or not appellant received a
notice of trial setting after the motion to withdraw was filed and granted. If there is nothing in the record, then appellant
cannot show error on the face of the record on his claim he had no notice of the trial setting and his restricted appeal fails. 
Norman Communications, 955 S.W.2d at 270. The Misium v. Misium case cited by appellant does not apply because there
the appellant denied receiving any notice of trial. Misium, 902 S.W.2d 195, 196 (Tex. App.-Eastland 1995, writ den.). 
Notwithstanding appellant's denial of the receipt of notice of trial setting, the court in Misium unnecessarily made the
declaration amounting to dictum, that even if appellant had previously received a notice of trial setting, appellant would
have been entitled to another notice of trial setting after receiving her attorney's motion to withdraw which erroneously
stated the case was not set for trial. Id. at 197. Further, in Misium the appellant filed a motion for a new trial and proved,
"No notices of setting were given to appellant subsequent to the date of the order granting the motion to withdraw." Id. In
this case the appellant did not file a motion for new trial and prove or place on the record at a hearing thereon that no notice
of setting was given to him subsequent to his attorney's withdrawal. TheMisium case was not a restricted appeal and did
not have the well established limitations on the scope of a restricted appeal review as above discussed. Falcon Ridge Apts.,
Joint Venture, 811 S.W.2d at 944 n. 1.

There is nothing in the record to prove either that appellant did not receive "reasonable notice" of the trial setting pursuant
to rule 245 of the Texas Rules of Civil Procedure; or that appellant was not called to court pursuant to rule 3.4.3 of the
Rules of the Civil Trial Division, Harris County District Courts (Local Rules) as contended by appellant.

Appellant's first issue is overruled.

Appellant's second issue contends the agreement upon which the judgment was granted was unenforceable under rule 11 of
the Texas Rules of Civil Procedure because it was not in writing and filed with the court. Appellant admits that appellees
went to trial on allegations they made in their Third Amended Petition that they entered into a settlement agreement with
appellant. Further, appellant argues that at trial appellees provided evidence and, "sought to recover on a settlement
contract", but "offered no evidence of a written contract". Appellees alleged and proved they complied with their
obligations under the agreement although appellant refused to perform his obligations under the agreement and in effect
withdrew his consent to the settlement agreement before it could be reduced to writing and filed with the court. Appellant's
breach of the agreement prevented a consent judgment under rule 11, but Appellees still had the right to enforce the
agreement in a suit on the agreement either for breach or specific performance. Browning v. Holloway, 620 S.W.2d 611,
614-15 (Tex. Civ. App.-Dallas 1981), writ ref'd n.r.e. per curiam, 626 S.W.2d 485 (Tex. 1981). Appellees alleged and
proved their cause of action pursuant to the agreement at the trial, thereby rendering it unnecessary to reduce the agreement
to writing and/or to file same with the court. Quintero v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983). There
being no findings of fact or conclusions of law, we must presume the trial court found facts in favor of its judgment as there
was probative evidence to support it. Allen v. Allen, 717 S.W.2d 311, 313 (Tex. 1986).

Appellant's second issue is overruled.

The judgment of the trial court is affirmed.



______________________________

MAURICE AMIDEI,

Senior Justice



Publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 13th day of December, 2001.

1. Former Justice Maurice Amidei assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).