**Danny HILAL, Individually, and D/B/A Dream Home Realty, Appellant,**

v.

**Luis GATPANDAN and Zenaida Gatpandan, Appellees.**

No. 13–99–516–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 13, 2001.

Rehearing Overruled Feb. 28, 2002.

Jerry L. Schutza, Houston, for appellant.

Jimmy L. Defoyd, Samuel Henry Deane, Houston, for appellees.

Before Chief Justice VALDEZ and Justices CASTILLO and AMIDEI[1].

## OPINION

MAURICE AMIDEI, Senior Justice.

This is a restricted appeal from a judgment in favor of Louis Gatpandan and Zenaida Gatpandan, appellees.

Danny Hilal, appellant, answered appellees' suit but did not appear at trial.

Appellant's appeal is based on two issues: (1) whether he was given proper notice of the trial setting, and (2) whether an agreement was unenforceable because it did not comply with rule 11 of the Texas Rules of Civil Procedure.

### Standard of Review

A direct attack on a judgment by writ of error must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). Review by writ of error affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case. *Id.* The only restriction on the scope of writ of error review is that the error must appear on the face of the record. *Id.*

The 1997 rules amendments changed the name "writ of error appeal" to "restricted appeal." TEX. R. APP. P. 26.1(c).

### Factual Background

Appellees alleged that their homeowner's association Nottingham Country Fund, Inc. ("Nottingham") obtained a default judgment against them for annual assessments in the amount of $6,786.58 on July 25, 1995, which they were seeking to void because they were not properly served with citation. On February 6, 1996, appellant purchased appellee's property from Nottingham for $16,600.00 at a sale conducted by a constable. On February 16, 1996, appellant filed a forceable entry and detainer case to evict appellees' tenants and occupants (Armando Abito). On or about April 24, 1996, appellant and the appellees, through their attorney, agreed to a final order predicated upon appellant's promise not to apply for a writ of possession, and to relinquish any claim of ownership by providing a special warranty deed to the property, if appellees paid appellant $25,000.00 on or before May 6, 1996. Appellees performed their part of the agreement by sending a $25,000.00 cashier's check payable to appellant by messenger (Armando Abito) to appellant's office on May 6, 1996, but appellant refused to see Abito and forced him to leave. On May 7, 1996, appellant applied for a writ of possession and demanded immediate possession of the property. On May 12, 1996, appellant met with Abito at the property and took possession of the $25,000.00 cashier's check with the understanding that he would not proceed with the eviction and would either deliver a special warranty deed as previously agreed or return the check. The Abito family was forced to leave the property and appellant took possession by enforcement of appellant's writ of possession notwithstanding appellant's acceptance of the $25,000.00 cashier's check. On May 24, 1996, appellees made demand to appellant for the return of the cashier's check or the delivery of a special warranty deed for the property by May 29, 1996, or suit for damage would ensue. There being no response to such demand,

---

1. Former Justice Maurice Amidei assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

on June 6, 1996, this suit was filed against appellant to declare the default judgment void; void appellant's deed and right to possession; regain possession of their property to resume their lease agreement with the Abito family and seek damages for the appellant's tortious conduct, breach of contract and conversion.

On August 20, 1998, the trial court granted the motion of all the parties for continuance and rescheduled the August 24, 1998, trial date to January 4, 1999.

On August 25, 1998, the trial court sent written notice to all parties by and through their respective attorneys of record setting trial for the two week period beginning January 4, 1999 and scheduling docket call for December 14, 1998.

On October 13, 1998, appellant's attorney, Richard Battaglia, at appellant's request, filed a motion to withdraw as counsel.

All parties were ordered to appear at the December 14, 1998, docket call which was scheduled in the trial court's order resetting trial generated on August 20, 1998, and signed by the trial judge on August 25, 1998.

The trial was held on January 4, 1999. Appellant did not appear at the trial. Notice of judgment was sent to appellant, pro se, at the address contained in the Certificate of Last Known Address which accompanied attorney Battaglia's motion to withdraw.

The trial court judgment was signed on January 5, 1999.

On July 2, 1999, appellant filed Notice of Restricted Appeal.

### Issues Presented

Appellant's issue number one inquires whether he was given proper notice of the trial setting. Appellant complains that when he fired his attorney he stated in his motion to withdraw that the case was not set for trial when it actually was set for trial, the trial court knew or should have known appellant did not have notice of the trial. Also, appellant claims he was not called to the court according to rule 3.4.3 of the Harris County District Court Rules.

■ The case was set for trial on January 4, 1999, pursuant to an agreed motion of all the parties on August 20, 1998. The trial court followed up on August 25, 1998, and sent written notice to all parties by and through their respective attorneys of record setting trial for the two week period beginning January 4, 1999, and scheduling docket call for December 14, 1998. The case had been set for trial previously. The motion to withdraw by appellant's attorney, although subsequent to the setting motion, did not change the trial setting, notwithstanding the erroneous statement by the attorney that the case was not set for trial. There is no dispute appellant received the notice of setting sent by the court on August 25, 1998.

■ Appellant asserts he was not given "reasonable notice" pursuant to rule 245 of the Texas Rules of Civil Procedure or pursuant to rule 3.4 of the Rules of the Civil Trial Division, Harris County District Courts. These rules provide as follows:

> The court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties; *provided, however, that when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties.* * * * Tex.R. Civ. P. 245. (emphasis supplied).

> Manner of setting. Cases shall be set for trial by order of the court. HAR-

RIS (TEX.) CIV. DIST CT. LOC R. 3.4.1.

Date of setting. Cases shall be set for trial for a date certain. If a case is not assigned to trial by the second Friday after the date it was set, whether because of a continuance or because it was not reached, the court shall reset the case to a date certain. Unless all parties agree otherwise, the new setting must comply with all requisites of T.R.C.P. 245. HARRIS (TEX.) CIV. CT. LOC R. 3.4.2.

Assignment to Trial. A case is assigned to trial when counsel are called to the court to commence the jury or non-jury trial on the merits. * * * HARRIS (TEX.) CIV. DIST. CT. R. 3.4.3.

We take judicial notice of the Rules of the Civil Trial Division, Harris County District Courts. TEX. R. APP. P. 201. Appellant argues that the trial court should have required Battaglia, appellant's former attorney to file a corrected motion and to provide notice to appellant, *or the trial court should have provided additional notice to appellant.* Appellant recognizes that since the trial setting was not a first setting the only notice he was entitled to was "reasonable notice". The agreement of the parties on August 20, 1998, and the notice the court sent to all the parties' attorney's on August 25, 1998, was reasonable notice. Also, reasonable notice could have included a phone call from the court, or a notice sent by non-certified/registered mail. The cited rules do not require evidence of the "reasonable notice" to be filed of record. The court could have sent appellant a notice by mail or used the telephone to notify appellant, but was not required to affirmatively enter in the court files proof of such notification. *Gen. Elec. Co. v. Falcon Ridge Apts., Joint Venture,* 811 S.W.2d 942, 944 n. 1 (Tex.1991). The supreme court agrees that a rule amend-

ment requiring such notice to be shown on the face of the record *would be preferable to "disturbing well-established limitations on the scope of writ of error review".* (emphasis added). *Id.* Appellant claims there is nothing in the record to reflect that he was called to court during the two week period following January 4, 1999. Also, there is nothing in the record to reflect whether or not appellant received a notice of trial setting after the motion to withdraw was filed and granted. If there is nothing in the record, then appellant cannot show error on the face of the record on his claim he had no notice of the trial setting and his restricted appeal fails. *Norman Communications,* 955 S.W.2d at 270. The *Misium v. Misium* case cited by appellant does not apply because there the appellant denied receiving any notice of trial. *Misium v. Misium,* 902 S.W.2d 195, 196 (Tex.App.-Eastland 1995, writ den.). Notwithstanding appellant's denial of the receipt of notice of trial setting, the court in *Misium* unnecessarily made the declaration amounting to *dictum,* that even if appellant had previously received a notice of trial setting, appellant would have been entitled to another notice of trial setting after receiving her attorney's motion to withdraw which erroneously stated the case was not set for trial. *Id.* at 197. Further, in *Misium* the appellant filed a motion for a new trial and proved, "No notices of setting were given to appellant subsequent to the date of the order granting the motion to withdraw." *Id.* In this case the appellant did not file a motion for new trial and prove or place on the record at a hearing thereon that no notice of setting was given to him subsequent to his attorney's withdrawal. The *Misium* case was not a restricted appeal and did not have the well established limitations on the scope of a restricted appeal review as above discussed. *Falcon Ridge Apts., Joint Venture,* 811 S.W.2d at 944 *n.* 1.

There is nothing in the record to prove either that appellant did not receive "reasonable notice" of the trial setting pursuant to rule 245 of the Texas Rules of Civil Procedure; or that appellant was not called to court pursuant to rule 3.4.3 of the Rules of the Civil Trial Division, Harris County District Courts (Local Rules) as contended by appellant.

Appellant's first issue is overruled.

 Appellant's second issue contends the agreement upon which the judgment was granted was unenforceable under rule 11 of the Texas Rules of Civil Procedure because it was not in writing and filed with the court. Appellant admits that appellees went to trial on allegations they made in their Third Amended Petition that they entered into a settlement agreement with appellant. Further, appellant argues that at trial appellees provided evidence and, "sought to recover on a settlement contract", but *offered no evidence of a written contract*. Appellees alleged and proved they complied with their obligations under the agreement although appellant refused to perform his obligations under the agreement and in effect withdrew his consent to the settlement agreement before it could be reduced to writing and filed with the court. Appellant's breach of the agreement prevented a consent judgment under rule 11, but Appellees still had the right to enforce the agreement in a suit on the agreement either for breach or specific performance. *Browning v. Holloway*, 620 S.W.2d 611, 614–15 (Tex.Civ.App.-Dallas 1981), *writ ref'd n.r.e. per curiam*, 626 S.W.2d 485 (Tex.1981). Appellees alleged and proved their cause of action pursuant to the agreement at the trial, thereby rendering it unnecessary to reduce the agreement to writing and/or to file same with the court. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex.1983). There being

no findings of fact or conclusions of law, we must presume the trial court found facts in favor of its judgment as there was probative evidence to support it. *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex.1986).

Appellant's second issue is overruled.

The judgment of the trial court is affirmed.