Opinion issued March 29, 2007


















In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00523-CV

 __________


JON R. O'KANE, Appellant


V.


JOSEPH CHUOKE, Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 04CV0162







MEMORANDUM OPINION


 In this restricted appeal, Jon R. O'Kane challenges the trial court's decision to
grant Joseph Chuoke's motion for summary judgment. In six issues, O'Kane asserts
that (1) he is entitled to a restricted appeal, (2) the trial court erred in granting
O'Kane's trial counsel's motion to withdraw, (3) the trial court lacked subject matter
jurisdiction over Chuoke's counterclaim, (4) the trial court erred in failing to grant
O'Kane's motion for continuance after his attorney withdrew, (5) his federal due
process rights were violated when the trial court failed to notify him of the summary
judgment order, and (6) the trial court erred in granting Chuoke's motion for
summary judgment when O'Kane had not yet filed an answer to the counterclaim. We affirm.

Factual and Procedural Background (1)


 O'Kane leased some commercial property from Chuoke, James C. Brady, and
Chuoke's brother, Mitchell Chuoke ("Mitchell"). After he paid his $10,000 first
month's rent and deposit, O'Kane began preparing the site to operate his car
dealership. O'Kane failed to obtain the proper licensing necessary to operate a used
car sales lot on the premises, and he abandoned the premises before the end of the
lease term. On February 10, 2004, he sued Chuoke, Brady, and Mitchell for breach
of contract.

 On April 1, 2004, one week after Chuoke filed his answer, O'Kane's attorney
filed a motion to withdraw. Almost a month later, O'Kane filed a pro se motion for
continuance requesting that, upon the granting of his counsel's withdrawal, the court
should grant him a continuance to obtain counsel to help him respond to outstanding
discovery already propounded by the defendants. The motion for continuance did not
contain a request for submission or hearing. On May 11, the trial court granted
O'Kane's attorney's motion to withdraw without ruling on O'Kane's pro se motion
for continuance. Two days later, Chuoke filed a counterclaim, and one week after the
withdrawal was granted, Chuoke filed requests for admission on O'Kane. Chuoke
later filed motions to compel and for sanctions. Chuoke filed a motion for summary
judgment based on the deemed admissions, which was granted October 20, 2004.

 The trial court sent its order granting summary judgment to O'Kane's attorney,
who had previously withdrawn from representing O'Kane. The letter was returned
on October 28, 2004. Three weeks later, on November 19, 2004, the trial court
granted Chuoke's motion for severance. On February 7, 2005, O'Kane filed an
untimely motion to extend the post-judgment deadlines, motion for new trial, and
motion for sanctions, which were all denied. On May 9, 2005, O'Kane filed a notice
of restricted appeal.

Restricted Appeal


 In his first issue presented for review, O'Kane contends that he is entitled to
a restricted appeal.

 To attack a judgment by a restricted appeal, the appeal must be filed: (1) within
six months after the judgment was rendered; (2) by a party to the suit; (3) who, either
in person or by counsel, did not participate in the hearing that resulted in the
judgment complained of; (4) who did not timely file a post-judgment motion, request
for findings of fact and conclusions of law, or a notice of appeal within the time
permitted by Rule 26.1(c) of the Texas Rules of Appellate Procedure; and (5) the
error appears on the face of the record. See Tex. R. App. P. 30; Alexander v. Lynda's
Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Barry v. Barry, 193 S.W.3d 72, 74 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). Here, the parties dispute whether error
appears on the record. Specifically, Chuoke contends that, "an appellant cannot, by
way of restricted appeal, seek to reverse a judgment which appears valid on the face
of the record because of something that occurred after the judgment was
rendered--the failure of the clerk to send notice of the judgment." We disagree.

 In a restricted appeal, we are limited to considering only the face of the record,
but our scope of review is otherwise the same as that in an ordinary appeal; that is,
we review the entire case. See Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d
269, 270 (Tex. 1997). The face of the record, for purposes of restricted appeal
review, consists of all the papers on file in the appeal, including the reporter's record. 
Id. The "error" on the face of the record is not solely limited to the order entered by
the trial court. Accordingly, we conclude that this appeal falls within the parameters
of a restricted appeal, and we sustain issue one. 

Motion to Withdraw


 In his second issue presented for review, O'Kane argues that the trial court
erred in granting his trial counsel's motion to withdraw. Specifically, O'Kane
contends that his trial counsel failed to comply with Rule 10 by not notifying him of
a status conference set for May 13, 2004--more than one month after the motion was
filed.

 An attorney may withdraw from representation of a client only if the attorney
satisfies the requirements of Rule 10 of the Texas Rules of Civil Procedure. Rogers
v. Clinton, 794 S.W.2d 9, 10 n.1 (Tex. 1990). Rule 10 permits counsel to withdraw
only upon written motion showing good cause. Id. If no counsel is substituting for
the withdrawing attorney, counsel's motion must state "that a copy of the motion has
been delivered to the party; that the party has been notified in writing of his right to
object to the motion; whether the party consents to the motion; the party's last known
address and all pending settings and deadlines." Tex. R. Civ. P. 10. A trial court
abuses its discretion when it grants a motion to withdraw which does not comply with
the mandatory requirements of Rule 10. 

 We note that the failure to specify any pending settings or deadlines may
violate the client's right to due process. Misium v. Misium, 902 S.W.2d 195, 197
(Tex. App.--Eastland 1995, writ denied). Even if the failure to specify the pending
settings or deadlines violated O'Kane's due process rights, the error, if any, was
waived. Fundamental error is very limited in Texas jurisprudence. "Fundamental
error survives today in those rare instances in which the record shows the court lacked
jurisdiction or that the public interest is directly and adversely affected as that interest
is declared in the statutes or the Constitution of Texas." Pirtle v. Gregory, 629
S.W.2d 919, 920 (Tex. 1982). Alleged error, including claims that an individual's
constitutional rights were violated, is waived if not asserted in the trial court. 

 There is no indication in the record that O'Kane preserved error by objecting
to the motion to withdraw or by raising the issue of whether his due process rights
were violated at the trial court level. In fact, O'Kane agreed to his counsel's
withdrawal. 

 Furthermore, assuming that the motion to withdraw failed to notify O'Kane of
a pending status conference, such lack of notice was rendered harmless by O'Kane's
receipt of correspondence from the trial court informing him that the status
conference had been reset. (2) The correspondence stated as follows:

 Please be advised that an order withdrawing Malcolm D. Dishongh and
the law firm of Miller & Scamardi as attorney for Plaintiff was signed
on May 11, 2004. A copy of that order has been enclosed. Therefore,
the next status conference has been re-set for August 5, 2004 at 10:00
a.m. If Plaintiff has not retained counsel by this date, Plaintiff is
required to appear on his own behalf.


 If you have any questions, please contact the court at [telephone number
excluded].


 Next, O'Kane complains of the trial court's failure to provide him "any time"
to retain new counsel after granting his trial counsel's motion to withdraw. Here,
O'Kane agreed to his trial counsel's withdrawal, which was based on the
development of an actual conflict of interest. O'Kane argues that, because his
counsel neglected to inform him of the status conference, he was prejudiced because,
at the status conference, (1) he could have requested a continuance to comply with
Chuoke's discovery requests, (2) he could have learned that his failure to answer
Chuoke's requests for admission would result in their being deemed admitted, and (3)
he could have requested a continuance to obtain new counsel. The record reflects that
the trial court notified O'Kane that the status conference had been re-set. Further,
O'Kane asserts that, had he known about the status conference, he would have
attended and requested additional time to comply with Chuoke's requests for
admission. The requests, however, were not filed until May 19--two days after the
trial court notified O'Kane of the new status conference date.

 Accordingly, we hold that the trial court did not err in granting O'Kane's trial
counsel's motion to withdraw, and we overrule issue two.

Subject Matter Jurisdiction 


 In his third issue presented for review, O'Kane contends that the trial court
lacked subject matter jurisdiction over Chuoke's counterclaim. 

 After he filed his counterclaim, the trial court notified Chuoke that he still
owed $1 on the filing fee. O'Kane argues that the counterclaim was "conditionally"
filed until the full filing fee was paid; therefore, the trial court lacked subject matter
jurisdiction over the counterclaim. 

 The record indicates that Chuoke complied with the requirement that he pay
a $15 filing fee at the time that he filed his counterclaim. See Tex. Gov't Code Ann.
§ 51.317(b)(2) (Vernon 1998). O'Kane fails to direct this Court to authority in
support of his contention that Chuoke's failure to pay the additional $1 security fee
deprived the trial court of subject matter jurisdiction over Chuoke's counterclaim, and
we find none to support his point of error. We overrule issue three.


Motion for Continuance


 In his fourth issue presented for review, O'Kane contends that the trial court
erred in denying his motion for continuance to obtain counsel so that he could prepare
for trial.

 O'Kane claims that the trial court "was obligated to provide [him] with a
continuance, regardless of whether he filed a motion requesting one or not." He
further contends that he was not required to obtain a ruling on his motion for
continuance to preserve error. Although Rule 33.1 contemplates implied rulings may,
in certain circumstances, be sufficient to preserve error, in the present case, there is
no indication that O'Kane requested a ruling on his motion insofar as it was not set
for consideration by submission or at an oral hearing. Thus, no ruling, express or
implied, has been preserved for our review. See Tex. R. App. P. 33.1. We overrule
issue four. 

Due Process
 

 In his fifth issue presented for review, O'Kane argues that the failure of the
trial court to provide him with notice of the summary judgment order amounted to a
violation of his federal due process rights and that such error is reversible in this
restricted appeal.

 O'Kane does not challenge the propriety or his timely notice of both Chuoke's
motion to sever and the trial court's severance order, which rendered final Chuoke's
summary judgment. Rather, O'Kane contends that his failure to receive notice of the
summary judgment was harmful because he was deprived of an opportunity to timely
file a motion to reconsider the summary judgment order or file a motion for new trial. 
However, O'Kane fails to explain why, upon receipt of notice of the order of
severance, he was prevented from pursuing such relief.

 Having failed to show any harm, we overrule O'Kane's issue five.

Summary Judgment


 In his sixth issue presented for review, O'Kane asserts that the trial court erred
in granting Chuoke's motion for summary judgment when O'Kane had not yet filed
an answer to the counterclaim.

 Texas Rule of Civil Procedure 92 states that, "[w]hen a counterclaim or
cross-claim is served upon a party who has made an appearance in the action, the
party so served, in the absence of a responsive pleading, shall be deemed to have
pleaded a general denial of the counterclaim or cross-claim[.]" Tex. R. Civ. P. 92;
Richards v. Am. Nat. Prop. & Cas. Co., 195 S.W.3d 758, 763 (Tex. App.--Beaumont
2006, no pet.). The trial court did not sign the summary judgment until October 20,
2004, more than five months after the counterclaim was filed. Plaintiff filed several
documents in the interim. Under these circumstances, O'Kane has not demonstrated
error requiring reversal of the trial court's judgment. See Tex. R. App. P. 44.1(a). 

 We overrule issue six.

Conclusion


 We affirm the judgment of the trial court.


 

 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

1. The factual background is derived from Chuoke's requests for admission that O'Kane
failed to answer and were, thus, deemed admitted.
2. O'Kane's address on the correspondence from the trial court is the same address
found on his pro se appellate brief.