**Opinion filed January 11, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00298-CV

_____

## JUDKINS WALTON, Appellant

## V.

## JANET WALTON, Appellee

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM-43,389**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a divorce proceeding with a long and complicated procedural history. It involved multiple inquiries into Appellant's competency as well as multiple attorneys representing him in various capacities.

The divorce decree was ultimately entered based upon a bench trial that occurred after the trial court determined that Appellant was competent. Appellant, a licensed but "non-practicing" attorney, appeared pro se at the bench trial after the

trial court had previously permitted his attorney ad litem to withdraw. Appellant sought a continuance on the morning of trial on a variety of grounds. He also sought a jury trial. The trial court denied his requests and proceeded to trial. Appellant left the proceedings soon after they started, asserting that his health precluded him from remaining at trial. The trial proceeded in his absence and concluded with the trial court granting a divorce and dividing the spouses' martial estate.

Appellant brings five issues on appeal. In his first and second issues, Appellant contends that he did not receive adequate notice of trial and that the trial court erred in refusing to grant his request for a jury trial. In his third issue, Appellant contends that the trial court erred in (1) ordering Appellant to undergo three mental examinations, (2) finding Appellant incapacitated, (3) appointing an attorney ad litem, and (4) appointing a guardian ad litem. In his fourth issue, Appellant contends that the trial court erred in denying his motion for continuance. In his fifth issue, Appellant contends that the evidence is insufficient to support the trial court's disproportionate division of the community estate. Because we find that the trial court improperly held a bench trial on April 28, 2014, we reverse and remand.

*Background Facts*

On April 4, 2005, Appellee, Janet Walton, filed a petition for divorce from Appellant, Judkins Walton, in the 318th District Court of Midland County. Very little occurred in the divorce proceedings during the first four years after it was filed. In March 2009, the trial court signed Appellee's motion to allow the case to remain on the docket.

Between 2010 and 2014, the trial court was primarily concerned with Appellant's competency to represent himself in the divorce proceedings. On three occasions, the trial court ordered Appellant to submit to a mental evaluation. In 2011, Dr. Ravi Medi conducted Appellant's first mental evaluation and concluded that Appellant was totally incapacitated. Thereafter, the trial court ruled in 2012 that

2

Appellant was incapacitated, appointed an attorney ad litem to represent Appellant in the divorce proceeding, and appointed a guardian ad litem to initiate a guardianship proceeding to litigate Appellant's capacity/competency.[1]

On August 20, 2012, Dr. Jason D. Dunham conducted a second mental evaluation of Appellant and concluded that Appellant was partially incapacitated and unable to represent himself in the divorce proceeding. After Dr. Dunham's evaluation, Appellee continued to be represented by an attorney ad litem.

The trial court conducted a hearing on December 18, 2013, that addressed multiple topics, including a request by Appellee that Appellant be examined again for competency. Appellant was not present at this hearing, but he was represented at the hearing for the purpose of the divorce proceeding by attorney ad litem Thomas Hirsch and attorney Jerry D. Caddel.[2] Appellant had previously retained Hirsch to represent him in the divorce. The trial court subsequently appointed Hirsch as Appellant's attorney ad litem. Hirsch obtained the trial court's permission to retain Caddel to assist in Appellant's representation. After the hearing, the trial court ordered Appellant to be examined by Dr. Roddy Strobel.

The results of Appellant's third mental examination are not in the record. However, it appears that Dr. Strobel concluded that Appellant was competent to represent himself. On February 20, 2014, Hirsch filed a motion to withdraw, stating that "[Appellant] has been found to be competent and . . . no longer needs an attorney ad litem."

At the December 18, 2013 hearing, the trial court also addressed scheduling various matters in the case. After announcing dates for the filing of inventories and

---

[1]Although these two terms have different definitions, they were used interchangeably throughout the divorce proceedings.

[2]Appellant was also represented by two other attorneys with respect to guardianship proceedings pending before the trial court.

for the deadline for conducting mediation, the trial court stated, "I will get with my coordinator and give you a special setting for the divorce proceeding that will take place in either March or April, and probably April." According to Appellee, the attorneys had a discussion off the record regarding setting a trial date. The trial court's docket sheet entry for December 18 contains a notation that reads: "Final hearing to be set by ct in April (4-28 to May 3)."

On March 17, 2014, the trial court heard Hirsch's motion to withdraw as Appellant's attorney ad litem. In his motion to withdraw, Hirsch did not list any upcoming deadlines or settings other than an expired deadline of January 31 to file an inventory and appraisement. Appellant did not attend the hearing. Hirsch announced to the trial court at the outset of the hearing that he was there "on [his] motion to get paid and [his] motion to withdraw." Caddel announced that he was appearing on behalf of Appellant "in a limited appearance." Caddel clarified his appearance on behalf of Appellant as follows: "The only reason I'm here is to be able to gather as much exact information to carry back to Mr. Walton of the Court's proceedings, the exact dates, what the Court's exact desires are."

At the March 17 hearing, Caddel requested clarification from the trial court regarding the trial date after Appellee's counsel stated that the case was set for trial on April 28. Caddel advised the trial court that he had contacted the clerk's office to ask about a trial setting. Caddel stated, "I do recall that the Court at one point in time in a discussion did say the last week in April was the only week you did not have a jury docket, but I did not ever see a setting of this case for that time frame." When Caddel asked if the case had "actually been set for that week," the court reporter responded, "It's tentatively on there." The trial court then responded, "I have a setting on Monday, April 28th, Walton trial." Hirsch did not comment at the hearing on his understanding of whether or not the case was set for trial on April 28.

Appellee's counsel informed the trial court that he would "get a new notice in just to close that loophole, Judge."

Prior to concluding the hearing, the trial court advised the parties that it would hold Hirsch's motion to withdraw under advisement. The trial court further instructed Appellee's attorney to prepare a scheduling order and submit it to the court and Hirsch prior to Hirsch's withdrawal.

On March 24, the trial court signed an "Order on '*Movant's Motion to Compel Discovery and Motion for Discovery Sanctions*.'" The title of the order referenced a motion that Appellee filed on March 11 that was heard during the March 17 hearing. This order provided for a manner in which Appellant could be served in the event he was not represented by counsel. The order also extended the discovery deadline to April 11 and ordered that the parties attend a mediation on April 18. Lastly, the order stated that the trial was scheduled for April 28 and that "no continuance of this trial date shall be granted for any reason." This order contained Hirsch's signature as attorney for Appellant. Also on March 24, the trial court signed an order allowing Hirsch to withdraw as Appellant's attorney.

On April 9, Caddel filed a motion to withdraw as Appellant's attorney. In the motion, Caddel listed all upcoming discovery deadlines and the April 28 trial date. The trial court granted Caddel's motion to withdraw by a written order signed on April 16. The record does not indicate that the trial court conducted a hearing on Caddel's motion to withdraw.

After the entry of the scheduling order on March 24, Appellant filed two pro se documents with the district clerk. On March 27, he filed a handwritten jury demand and paid the jury fee. Appellant did not serve Appellee with a copy of the jury demand. On April 14, Appellant filed a handwritten document wherein he objected to the lack of forty-five days' notice of trial and requested a continuance to

find additional counsel. The handwritten document also pointed out that Appellant had previously filed a written demand for a jury trial and had paid the jury fee.

On April 28, the trial court called the case for a bench trial. Appellant appeared pro se. Prior to the start of trial, the trial court stated that a jury fee had been paid and initially gave Appellant the option of either going forward on that day with a bench trial or having a jury trial beginning on May 19. In response, Appellee argued that the jury demand was untimely. It appears that Appellee erroneously believed that the jury demand was not filed until April 14. The trial court agreed with Appellee's argument and denied Appellant's request for a jury trial. The trial court also denied Appellant's request for a continuance.

During Appellee's opening statement, Appellant left the courtroom, indicating that he was physically unable to participate in the trial. The trial continued in Appellant's absence. Appellee asked the trial court to divide the community estate and award 64.8% of the estate to her and 35.2% of the estate to Appellant. The trial court took the matter under advisement at the end of the bench trial, but granted the divorce.

By May 1, 2014, Appellant had retained new counsel. Appellant's new counsel participated in discussions concerning the terms of the final decree of divorce. Over a year later, on May 7, 2015, the trial court announced its decision regarding the division of the marital estate. The trial court awarded 56.7% of the community estate to Appellee and 43.2% of the community estate to Appellant.

On August 25, 2015, the trial court held its final hearing in this case. At this hearing, the parties discussed the circumstances surrounding the April 28 trial setting. Appellant argued that, contrary to the language in the proposed divorce decree, there was no evidence in the record that the final trial date was set by agreement of the parties. Appellee responded that, regardless of what the record states, the parties did, in fact, agree to the final trial setting on December 18, 2013.

6

The trial court reviewed its docket sheet, including the notation that the final hearing would be set by the trial court during the last week of April. The trial court stated, "I don't know what appears in the transcript, but my notes certainly indicate that . . . I -- as far as I can tell announced to all parties that that was the date we were going to have the trial." Appellant further argued that his attorney ad litem failed to list an upcoming trial date in his motion to withdraw, which "would have cleared up notice."

Also at the August 25 hearing, the parties discussed Appellant's request for a jury trial. Appellant argued that the jury demand was made on March 27, 2014, not on April 14, 2014, as Appellee had previously asserted. Appellee argued that the jury demand was untimely because Appellant did not serve Appellee with a copy of the jury demand. At the conclusion of the hearing, the trial court requested that Appellee amend the proposed divorce decree to remove any language stating that the trial date was set by agreement of the parties. The trial court further requested that Appellee amend the proposed divorce decree to remove the reference to the untimely jury demand.

The trial court signed the "Final Decree of Divorce" on August 25, 2015. The initial draft of the decree provided that the April 28 trial setting "had been previously set as a Trial before the Court for this date by agreement of [Appellant's] then-Attorney of Record Tom Hirsch." The words providing that the setting was by agreement were marked through and words were added by handwritten interlineation so that the decree provided as follows: "The April 28 trial setting "had been previously set as a Trial before the Court for this date by the Court." Several sets of initials appeared by this amendment to the decree. The portion of the decree pertaining to a "jury" was similarly amended to provide that "[a] jury fee was paid and demand was made, and all questions of fact and of law were submitted to the

Court." The initial version of the decree provided that "a jury fee was paid, but no timely jury demand was made."

On September 24, Appellant filed a motion for new trial. Appellant asserted that he was entitled to a new trial because he did not receive forty-five days' notice of the trial. *See* TEX. R. CIV. P. 245. Appellant further asserted that the trial court committed reversible error when it denied his timely request for a jury trial and that "[t]he only ground stated at trial for denying [Appellant] a jury trial—that his demand or jury fee was not timely—is contradicted by the written record." The motion was overruled by operation of law on November 9. *See* TEX. R. CIV. P. 4, 329b(c).

On October 21, the trial court signed its findings of fact and conclusions of law. The trial court found that a jury fee was paid but proper notice of the demand for jury was not served, that good cause existed to proceed to a bench trial, and that the trial court had previously set the case as a bench trial "by agreement and without objection." On November 2, Appellant requested additional or amended findings of fact and conclusions of law. Appellant complained that the findings of fact made no mention of the jury demand being timely filed, omitted any facts or circumstances that gave rise to good cause to proceed with a bench trial, and contradicted the "Final Decree of Divorce" by making a reference to an agreement of the parties. The trial court did not issue any further findings of fact or conclusions of law.

*Analysis*

In his first issue, Appellant contends that he did not receive timely notice of trial. In his second issue, Appellant contends that the trial court erroneously denied his timely request for a jury trial. In presenting these issues, Appellant asserts that the bench trial on April 28 should not have occurred. We agree.

Texas Rule of Civil Procedure 245 requires that parties in a contested case be given no less than forty-five days' notice of the first trial setting unless the parties

8

agree to the setting. "A fundamental element of due process is adequate and reasonable notice of proceedings." *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1995, no writ). The failure to provide a party the required notice of the trial setting in a contested case deprives him of his constitutional right to be present and to voice his objections in an appropriate manner. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas 1998, no pet.).

The parties dispute the date on which Appellant received notice of trial. Appellant contends that he did not receive notice until March 24, 2014, when the trial court signed a written order that contained the trial setting. Notice on this date would be untimely because it would have been less than forty-five days prior to trial. Appellee contends that Appellant received timely notice on December 18, 2013, through his attorney ad litem when the attorneys and the trial court conducted an off-the-record discussion and agreed that the trial would be set for April 28, 2014.

Appellee's contention is contingent on Hirsch's alleged knowledge of the trial setting being imputed to Appellant. "The attorney-client relationship is one of principal and agent." *Tactical Air Def. Servs., Inc. v. Searock*, 398 S.W.3d 341, 346 (Tex. App.—Dallas 2013, no pet.) (citing *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986)). "However, '[w]here the agent abandons his office before conclusion of the proceedings, any knowledge possessed by the agent cannot be imputed to the principal.'" *Id.* (quoting *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex. App.—Houston [14th Dist.] 1991, no writ)). Thus, when an attorney withdraws from his representation before conclusion of the proceedings, any knowledge possessed by the attorney cannot be imputed to the client. *Id.*

The court in *Searock* dealt with a similar situation. The case was set for trial near the time that an attorney was planning to file a motion to withdraw. *Id.* Relying

9

in part on our opinion in *Misium v. Misium*, 902 S.W.2d 195, 197 (Tex. App.—Eastland 1995, writ denied), the Dallas Court determined that, when a statute or court rule provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *Id.* at 346–47. The attorney in *Searock* did not fully comply with the requirements of Rule 10 of the Texas Rules of Civil Procedure in filing his motion to withdraw. *Id.* at 346; *see* TEX. R. CIV. P. 10. The court concluded that the attorney's failings precluded a finding that notice of the trial setting should be imputed to his former clients. *Searock*, 398 S.W.3d at 346–47.

Rule 10 requires an attorney who is withdrawing from a case to notify the client of any pending settings. *Misium*, 902 S.W.2d at 196–97. Hirsch's motion to withdraw did not list the trial setting as required by the rule. Therefore, the record precludes a finding of imputed notice to Appellant of the trial setting prior to the March 17 hearing, which was forty-two days before trial. Our conclusion of no imputed notice to Appellant prior to March 17 is supported by the fact that Caddel was unable to determine that the case was set for trial prior to the hearing. Because Appellant did not receive the requisite forty-five days' notice of trial, we sustain Appellant's first issue.

In his second issue, Appellant contends that the trial court erroneously denied his timely request for a jury trial. Rule 216(a) of the Texas Rules of Civil Procedure provides that "[n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX. R. CIV. P. 216(a). "A request in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial." *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991). Appellant filed his jury demand on March 27, 2014, more than thirty days before the trial setting. Appellee contends that, because

she did not receive notice of the jury demand at least thirty days before the trial setting, the demand was not timely. We disagree.

Rule 21 of the Texas Rules of Civil Procedure provides that "a true copy [of every pleading, plea, motion, or application to the court for an order] must be served on all other parties." TEX. R. CIV. P. 21(a). If a party fails to provide the requisite notice, "the court may in its discretion, after notice and hearing, impose an appropriate sanction." TEX. R. CIV. P. 21b. Here, the trial court did not purport to deny Appellant a jury trial as a sanction for failure to serve Appellee with the jury demand. Appellee cites no authority, and we have found none, for her proposition that the failure to serve the opposing party with a jury demand renders it untimely.

Appellee further relies on *Crittenden v. Crittenden* for the assertion that the presumption that Appellant's jury demand was timely was rebutted because Appellant waited nine years after the original petition was filed to request a jury trial. 52 S.W.3d 768 (Tex. App.—San Antonio 2001, pet. denied). However, *Crittenden* is distinguishable. In that case, the trial had already been continued numerous times, and the next available jury setting was six months away. Here, the April 28, 2014 setting was the first trial setting. Further, the trial court indicated that the next available jury setting was on May 19, 2014, less than one month later. Appellee has failed to rebut the presumption that Appellant timely filed his jury demand. Appellant's second issue is sustained.

Because Appellant's first and second issues are each dispositive of the case before us, we need not address Appellant's third, fourth, and fifth issues.

11

*This Court's Ruling*

The judgment of the trial court is reversed, and the cause is remanded for a new trial.


JOHN M. BAILEY

JUSTICE


January 11, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.