LYNCH v. McKEE. (No. 8202.)

(Court of Civil Appeals of Texas. Dallas. June 14, 1919. Rehearing Denied July 5, 1919.)

1. BANKRUPTCY �köm425—EFFECT—"NOTICE OR ACTUAL KNOWLEDGE."

Under Bankruptcy Act, § 17a (U. S. Comp. St. § 9601), declaring that a discharge shall release the bankrupt of all of his provable debts except such as have not been scheduled unless the creditor had notice or actual knowledge of the proceedings in bankruptcy, the term "notice or actual knowledge" contemplates in every case actual personal notice of some sort to the creditor, as distinguished from mere imputed knowledge; hence constructive notice of bankruptcy proceedings is not sufficient to discharge an unscheduled debt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Knowledge.]

2. BANKRUPTCY ⊕⇒425—DISCHARGE—NOTICE.

Where a bankrupt did not schedule a note held by plaintiff, held, that the discharge in bankruptcy did not bar an action on the note; the creditor not having the notice of the proceedings contemplated by Bankruptcy Act, § 17a (U. S. Comp. St. § 9601).

3. ATTORNEY AND CLIENT ⊕⇒104—NOTICE TO ATTORNEY—MILITARY SERVICE—EFFECT.

Where, after an attorney employed by plaintiff to prosecute a suit on a note was advised of the pendency of bankruptcy proceedings against the maker, such attorney entered the military service of the United States and did not communicate the defense to plaintiff, knowledge of the attorney could not, under the rules applicable to principal and agent, be imputed to plaintiff.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by L. M. McKee against M. C. Lynch. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Melson and J. A. Dial, both of Sulphur Springs, and Brooks, Worsham & Graham, of Dallas, for appellant.

L. Dillard Estes, of Commerce, for appellee.

RASBURY, J. This is an appeal from the action of the trial judge in entering judgment against appellant upon a promissory note. In the court below, appellant pleaded in bar of the claim his discharge in bankruptcy. In replication, appellee alleged that the note was not scheduled in the bankruptcy proceeding, which appellant admitted, but alleged appellee had notice nevertheless of the bankrupt proceeding. The plea was overruled, and the court's action in that respect is the single issue presented for decision.

[1, 2] In connection with the foregoing the efficacy of a discharge in bankruptcy, as a bar to debts, depends upon compliance with section 17a of the act which declares, among other matters, that—

A discharge "shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled, * * * unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 9 U. S. Comp. Stats. § 9601; 5 U. S. Stats. Ann. 148.

On the issue indicated there were adduced in substance these facts: November 24, 1916, appellee filed suit in Hopkins county upon the note on which judgment was secured in the case at bar. January 2, 1917, appellant filed answer in that suit alleging that prior to filing such answer and in August, 1916, he had been adjudged a bankrupt in the United States District Court for the Eastern District of Texas, and suggested a stay of proceedings in the state court pending the proceedings in bankruptcy. Thereafter on January 26, 1917, appellant was discharged from all provable debts save those excepted by law from operation thereof. Appellee's debt was not scheduled in the bankruptcy proceedings. April 3, 1917, appellant amended his pleading in the state court asserting in substance that, if appellee's claim had not been scheduled in the bankruptcy, yet appellee had received such notice thereof as required him to present his claim in that court. Appellee's attorney did not communicate to him the defense pleaded in the Hopkins county court, nor did appellee acquire any actual knowledge of either the pleading or the proceedings in bankruptcy. Matters so standing, appellee's attorney notified appellee to secure other counsel, as he intended to enlist in the army. Instead, appellee directed the clerk to dismiss his case, which was done by formal order October 18, 1917. Thereafter this suit was commenced, with the result stated.

We conclude the court did not err in overruling appellant's plea of discharge in bank-

ruptcy. The effect of the construction placed upon section 17a of the Bankrupt Act by the current of opinion is that the terms "notice or actual knowledge" contemplate in every event actual personal notice of some sort to the creditor, as distinguished from mere imputed knowledge, and hence constructive notice. Strickland v. Capital City Mills, 74 S. C. 16, 54 S. E. 220, 7 L. R. A. (N. S.) 426; Jones v. Walter, 115 Ky. 556, 74 S. W. 249; Santa Rosa Bank v. White, 139 Cal. 703, 73 Pac. 577. While the cases do not place the holding on similar grounds, they do reach the same result, which we approve.

[3] Further, if it be conceded that the ordinary relation of principal and agent existed between appellee and his attorney as result of his employment in the proceeding in the state court, and that the knowledge received by appellee's attorney concerning the claim in the pleading of appellant that he had been adjudicated a bankrupt was imputable to appellee, and that the knowledge of such pleading was a fact or circumstance sufficient to put appellee upon inquiry and made it his duty to pursue the inquiry, it remains that appellee abandoned his agency, that is to say, quit appellee's employment and enlisted in the army, resulting in appellee's dismissing the case and the relief there sought consummated through other agencies. In such cases, that is, where the agent abandons his agency before concluding the matter undertaken and it is consummated through the agency of another, his knowledge, as we understand the rule, is not to be imputed to the principal. Irvine v. Grady, 85 Tex. 120, 19 S. W. 1028.

The judgment is affirmed.