Reverse and Remand in part; Affirm in part; Opinion Filed February 19, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00201-CV

## TACTICAL AIR DEFENSE SERVICES, INC. AND GARY FEARS, Appellants

### V.

## CHARLES C. SEAROCK, Appellee

On Appeal from the 397th Judicial District Court
Grayson County, Texas
Trial Court Cause No. 07-0322-397

# OPINION

Before Justices Moseley, FitzGerald, and Richter[1]
Opinion By Justice Moseley

This is an appeal from the denial of a motion for new trial following a post-answer default judgment. Charles Searock sued several defendants, including Tactical Air Defense Services, Inc. and Gary Fears, for breach of his employment contract, fraud, conspiracy, and other causes of action arising out of his employment with another company. Tactical and Fears filed an answer, but after their attorney withdrew as their counsel, they failed to appear at trial. The trial court rendered a post-answer default judgment against them. Tactical and Fears moved for a new trial asserting they did not receive notice of the trial setting. The trial court denied the motion.

---

[1] The Honorable Martin E. Richter, Retired Justice, sitting by assignment.

We conclude appellants' affidavits show they did not receive notice of the trial setting and that the trial court abused its discretion by denying the motion for new trial. We reverse the trial court's judgment against Tactical and Fears and remand Searock's causes of action against those parties for further proceedings. In all other respects, we affirm the trial court's judgment.

## BACKGROUND

Searock filed this lawsuit in 2007. Tactical and Fears answered and participated in discovery in the case. They filed a no-evidence motion for summary judgment in 2008, which was denied by the trial court. In 2009, Searock's attorney withdrew as his counsel. Searock, representing himself, requested a trial setting and the trial court scheduled a status conference for December 2, 2009. According to the docket sheet, Gary Corley, the attorney representing Tactical and Fears, informed the trial court at the status conference that he would be filing a motion to withdraw. The docket sheet indicates the case was set for a jury trial on October 25, 2010, at the status conference.

Corley filed his motion to withdraw from representing Tactical and Fears on December 7, 2009. The ground stated in the motion was that Corley was unable to effectively communicate with his clients. The motion states that the case was set for trial on October 25, 2010, and that a copy of the motion "has been delivered to Defendants at the following addresses," listing Tactical through its registered agent at an address in Delaware and Fears at an e-mail address. The motion contains a notice to the defendants of their right to object to the motion. The certificate of service on the motion, signed by Corley, states: "The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Withdraw was served on the following this the 1st day of December, 2009 in the manner described." Below this statement, Tactical is listed with the address of the registered agent in Delaware and Fears is listed with his e-mail address.

Tactical and Fears did not file a response to the motion to withdraw and did not appear at the

−2−

hearing on the motion. The trial court signed an order granting the motion to withdraw on January 12, 2010. The order stated the trial setting on October 25, 2010, and ordered that all notices in the case be served on Tactical and Fears at the addresses shown in the motion to withdraw. There is no certificate of service on the order.

When Tactical and Fears failed to appear at trial on October 25, 2010, the trial court heard evidence and rendered a post-answer default judgment against them. Within thirty days of the judgment, Tactical and Fears filed a motion for new trial supported by their affidavits arguing they did not received notice of the trial setting and they met the requirements for setting aside a default judgment on a motion for new trial.[2] Searock filed a response to the motion for new trial raising several objections to the affidavits. Searock also filed an affidavit from Corley who stated he sent a copy of the order granting the motion to withdraw to Tactical by first-class mail to its registered agent and to Fears at his e-mail address. Corley's affidavit, however, stated the case had been set for trial on August 25, 2010 (not October 25, 2010) and this was the date included in the order he sent to his former clients. (The copy of the order attached to the affidavit contained the correct trial setting.)

The trial court heard arguments from counsel on the motion for new trial, but no evidence was offered at the hearing. The trial court then denied the motion for new trial in a written order, sustained most of Searock's objections to Tactical's and Fears's affidavits, and found Fears was not credible based in part on his conduct in different lawsuit before the trial court. Tactical and Fears filed a notice of appeal from the final judgment and the denial of their motion for new trial.[3]

---

[2] The motion also attacked the sufficiency of the evidence to support the default judgment.

[3] The notice of appeal was also filed on behalf of Jamie Goldstein. However, Goldstein later filed a motion to dismiss his appeal. By separate order, we grant the motion to dismiss.

## STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial following a post-answer default for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114–15 (Tex. 2006); *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). A default judgment should be set aside and a new trial granted if (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (citing *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (1939)).

"The defendant's burden as to the first *Craddock* element has been satisfied when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. . . . In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record." *In re R.R.*, 209 S.W.3d at 115 (citing *See Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006); *Evans*, 889 S.W.2d at 269).

When the first element is established by proof that the defendant was not given notice of a trial setting, "we have dispensed with the second element for constitutional reasons." *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12–13 (Tex. App.—Dallas 1994, no writ) (concluding second and third *Craddock* elements do not apply if defendant did not receive notice of setting).[4] A defendant who has made

---

[4] The supreme court has not decided whether the third element must be dispensed with in these types of cases; however, appellants' motion asserted that a new trial would not injure Searock and nothing in the record establishes the contrary. *See Mathis*, 166 S.W.3d at 744; *see also Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) (per curiam) (third element of *Craddock* test protects a plaintiff against undue delay or injury that would result in disadvantage when presenting the merits of the case at a new trial, "such as a loss of witnesses or other valuable evidence," quoting *Evans*, 889 S.W.2d at 270); *Cliff*, 724 S.W.2d at 779–80 (requiring new trial as "there is nothing in the record to show that a new trial will work an injury to [the plaintiff]").

an appearance in a case is entitled to notice of the trial setting as a matter of due process. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988).

## ANALYSIS

Appellants' motion for new trial and their affidavits assert they did not receive notice of the trial setting. Searock makes three arguments for how the trial court could have found appellants had notice of the trial setting: (1) a presumption of service under rule 21a based on the certificate of service in Corley's motion to withdraw; (2) imputed notice because Corley was still counsel for appellants when the case was set for trial at the status conference; and (3) appellants' affidavits were controverted by affidavits filed by Searock and the trial court correctly resolved the conflicts as the finder of fact.

### A. Presumption of Service

Searock relies on the presumption of service under rule 21a and a general presumption that a trial court only hears a case after proper notice to the parties. Searock contends that appellants are presumed to have received notice under rule 21a because the motion to withdraw contained a certificate of service.[5] *See* TEX. R. CIV. P. 21a. It is true that "*notice properly sent* pursuant to Rule 21a raises a presumption that notice was received." *Mathis*, 166 S.W.3d at 745 (emphasis added). But this presumption vanishes if the opposing party offers proof of non-receipt. *See Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.) (citing *Cliff*, 724 S.W.2d at 780). "[W]hen that presumption is challenged, it must be proved according to the rule." *Id.* (citing *Mathis*, 166 S.W.3d at 745). The sender may rejoin by presenting other evidence of delivery, but if the sender relies on office routine to support an inference of receipt, there must be corroborating

---

[5] The motion to withdraw is the only document relied on as a basis for notice that contains a certificate of service.

evidence. *Id.*

Here, the face of the motion to withdraw and its certificate of service indicates the motion was not served by any of the authorized methods listed in rule 21a. Regular mail and e-mail are not authorized means of service under the rule. *See* TEX. R. CIV. P. 21a. Because the motion to withdraw and the certificate of service show that the document was not "properly sent" in compliance with rule 21a, no presumption of receipt arises from the mere existence of a certificate. *See id.*[6] Accordingly, the burden fell to Searock to prove service of the motion, including that it was received by appellants. *See Strobel*, 341 S.W.3d at 476 (receipt is an element of service); *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.) ("implicit in the concept of service is the need for the party upon whom an item is served to actually receive it").

In addition, Searock relies on a general presumption of notice of the trial setting when a judgment is rendered. In the lower court opinion in *Mathis v. Lockwood*, this Court stated, "The law presumes that a trial court hears a case only after proper notice to the parties." *Mathis v. Lockwood*, 132 S.W.3d 629, 631–32 (Tex. App.—Dallas 2004), *rev'd*, 166 S.W.3d 743 (Tex. 2005). The supreme court disagreed and concluded this Court erred by indulging such a presumption. *Mathis*, 166 S.W.3d at 744–45 ("We disagree that there were any such presumptions on the facts presented here. . . . [T]he court of appeals was incorrect in indulging a presumption that Mathis received the notice Lockwood's counsel sent."). We follow the supreme court's ruling and conclude that no such presumption arose under these facts. Clearly, the motion for new trial supported by affidavits contested receipt of notice of the trial setting. Under these circumstances, any presumption was

---

[6]Searock contends that appellants' affidavits did not address whether they received the motion to withdraw. But appellants denied receiving any notice of the trial setting. Therefore, it is immaterial whether appellants' affidavits specifically mentioned the motion to withdraw. Because no presumption of receipt arose from rule 21a, the burden fell on Searock to prove receipt of notice of the trial setting. Nothing in the record indicates that appellants received the motion to withdraw.

rebutted.[7] *Id.*

## B. Imputed Notice Through Counsel

Searock argues that notice was imputed to appellants when Corley, their attorney at the time, received notice of the trial setting. The record indicates that Corley informed the trial court at the status conference that he would be moving to withdraw. The case was set for trial at the same conference.

The attorney-client relationship is one of principal and agent. *See Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986). However, "[w]here the agent abandons his office before conclusion of the proceedings, any knowledge possessed by the agent cannot be imputed to the principal." *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex. App.—Houston [14th Dist.] 1991, no writ). *See Lynch v. McKee*, 214 S.W. 484, 485 (Tex. Civ. App.—Dallas 1919, writ dism'd w.o.j.) ("In such cases, that is, where the agent abandons his agency before concluding the matter undertaken and it is consummated through the agency of another, his knowledge, as we understand the rule, is not to be imputed to the principal.").

In seeking to withdraw from representing his clients, Corley did not comply with the requirements of rule 10. *See* TEX. R. CIV. P. 10. Rule 10 requires a motion to withdraw as counsel to state, among other things, whether the client consents to the motion and to state the client's last known address. *Id.* That rule also requires an attorney seeking to withdraw from representing his clients to give them notice either in person or by mail at their last known address by *both* certified and regular first-class mail. *Id.* Corley's motion to withdraw does not state whether the clients

---

[7]Similarly, in this direct attack on the default judgment, any presumption of notice arising from a recital of notice in the judgment was rebutted. *See P. Bosco & Sons Contracting Co. v. Conley, Lot, Nichols Machinery Co.*, 629 S.W.2d 142, 143 (Tex. App.—Dallas 1982, writ ref'd n.r.e.) (presumption of notice arising from recital in default judgment was rebutted by evidence defendant's counsel did not receive postcard notice of the trial setting; burden shifted to plaintiff to show defendant had actual notice of the trial setting); *Lease Fin. Group, L.L.C. v. Childers*, 310 S.W.3d 120, 125 (Tex. App.—Fort Worth 2010, no pet.); *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ("A recitation of due notice of the trial setting in the judgment constitutes some, but not conclusive, evidence that proper notice was given.").

consented to his withdrawal. It does not indicate that the addresses listed are the last known addresses for appellants, and for Fears the only address listed is an e-mail address, not a physical address. Nor does the motion indicate it was delivered in person or by both certified and regular first-class mail.

These failings are significant in the context of determining whether notice should be imputed to Corley's former clients. When a statute or court rule provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *John v. State*, 826 S.W.2d 138, 141 n.4 (Tex. 1992); *Misium v. Misium*, 902 S.W.2d 195, 197 (Tex. App.—Eastland 1995, writ denied). "The rules governing withdrawal contain provisions which are obviously placed there to protect the client's interest." *Moss v. Malone*, 880 S.W.2d 45, 50 (Tex. App.—Tyler 1994, writ denied) (op. on reh'g). Adequate notice is not a mere formality; "The failure to give adequate notice violates the most rudimentary demands of due process of law." *Mosser*, 893 S.W.2d at 12 (citing *Peralta*, 485 U.S. at 84). By failing to comply with the requirements of rule 10 and its provisions designed to ensure clients are notified when their attorney withdraws, Corley deprived appellants of valuable due process rights. The record does not indicate Corley took steps to ensure so far as possible that the clients were notified of his withdrawal and of the upcoming trial setting. That he had some unexplained difficulty communicating with his clients does not excuse his failure to comply with the straightforward requirements of rule 10.

While Corley was permitted to withdraw several months before trial, that is of no moment if his former clients never received actual notice of that fact. And to the extent Searock argues appellants had an independent duty to investigate whether their attorney was handling the case, the supreme court's observation in *Mathis* is pertinent. The court stated:

the court of appeals held that litigants have a duty "to keep the court and parties

apprised of their correct and current address." . . . But even assuming there is such a duty, unless noncompliance was intentional rather than a mistake, due process requires some lesser sanction than trial without notice or an opportunity to be heard.

*Mathis*, 166 S.W.3d at 746. Assuming appellants had a duty to investigate whether Corley continued to represent their interests and breached that duty, due process requires a lesser sanction than trial without notice or an opportunity to be heard. Under the circumstances of this case and considering the importance of preserving the client's right to due process when an attorney withdraws, we conclude that Corley's knowledge of the trial setting cannot be imputed to his clients.[8] *See Id.*; *Lynch*, 214 S.W. at 485 (agent's knowledge is not imputed to principal where agent abandons his agency); *Moss*, 880 S.W.2d at 50.

## C. Affidavits and Evidentiary Hearing

Searock's last argument is that the affidavits he filed in response to the motion for new trial controverted appellants' affidavits and the trial court had the discretion to resolve the conflicts in the affidavits.

Tactical filed the affidavit of its director, Michael Cariello, in support of its motion for new trial. Cariello stated that Tactical did not receive notice of the trial setting either from Corley or from its former registered agent. Cariello stated, "[Tactical] did not receive the Order of the Court in this case granting the motion of attorney Gary Corley to withdraw, and which also set the case for trial. [Tactical] did not receive the trial setting order/notice either from attorney Gary Corley, from a registered agent, or otherwise." Cariello also stated, "If [Tactical] had received such Order or otherwise received such notice, [Tactical] would have appeared at trial to contest the allegations of

---

[8] In an unpublished opinion in a restricted appeal, we said that notice of a trial setting received by an attorney before she moved to withdraw was imputed to her client. *See Russell v. Russell*, 05-09-01674-CV, 1996 WL 732407, at *2 (Tex. App.—Dallas Nov. 26, 1996, no writ) (not designated for publication). *Russell* is distinguishable because in a restricted appeal, error must be found on the face of the record. *See* TEX. R. APP. P. 30. *See also Drewery*, 186 S.W.3d at 573 (explaining that cases concerning restricted appeals do not apply to appeals from motions for new trial because of differences in procedures between those types of cases). Furthermore, *Russell* is an unpublished opinion issued prior to 2003 and has no precedential value. *See* TEX. R. APP. P. 47.7(b).

Plaintiff Searock in this case."

Fears stated in his affidavit that he did not receive a copy of the order granting the withdrawal until after the default judgment and that he did not receive an e-mail from Corley containing the order of withdrawal. He stated, "The case had been set for trial on October 25, 2010, this setting was without my knowledge, further after the matter was set I never received any actual or legal notice of the trial date."[9]

In response to the motion for new trial, Searock filed the affidavits of Corley and an attorney who represented other defendants in the trial court. Corley's affidavit does not dispute Tactical's affidavit evidence that it did not receive notice. Corley merely explained that he sent the order by mail to Tactical's registered agent. Evidence that notice was sent does not controvert evidence that notice was not received. *Mathis*, 166 S.W.3d at 745 ("Testimony by Lockwood's counsel that notice was *sent* did not contradict Mathis's testimony that notice was never *received*."). Thus, Searock did not controvert Tactical's evidence of lack of notice.

Searock argues Corley's affidavit controverted Fears's affidavit as to whether Fears received the e-mail attaching the order granting the motion to withdraw.[10] Corley stated in his affidavit that, "All of these e-mail addresses where I sent the Order containing the trial setting were received by all of the recipients, as shown by my own e-mail system." Corley does not state the factual basis for this conclusion other than the vague reference to his e-mail system. He does not provide any facts about how that system reported the e-mail had been received by the recipients as opposed to merely

---

[9] Searock did not object to the portions of the affidavits quoted in the text. The trial court granted several of Searock's objections to other portions of Cariello's and Fears's affidavits. For example, the trial court sustained objections that Fears's statements he intended to defend this lawsuit and he "had no knowledge of the trial date" were conclusory, lacked foundation, and hearsay. We express no opinion on the merit of these objections or the trial court's ruling because the unobjected-to portions of the affidavits are sufficient to deny receipt of notice.

[10] The affidavit of the attorney for the other defendants attached a copy of an e-mail he received from Corley containing the order granting the motion to withdraw. This evidence does not controvert Fears's affidavit stating he did not receive the e-mail and order. *See Mathis*, 166 S.W.3d at 745.

being sent from his system. The sender may challenge evidence of non-receipt, "but if the sender relies on office routine to support an inference of receipt, there must be corroborating evidence." *Strobel*, 341 S.W.3d at 476. Corley presented no evidence to corroborate the statement that the e-mail was received, such as documentation analogous to a courier receipt, fax transmittal report, or certified mail return receipt.

However, assuming Corley's conclusory statement was sufficient to controvert Fears's statement of non-receipt, the conflict could not be resolved without an evidentiary hearing. A trial court generally may not resolve disputed fact issues regarding intent or conscious indifference on affidavits alone. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 292 (Tex. 1993) ("contested issues are ordinarily decided after a hearing at which witnesses present sworn testimony in person or by deposition rather than by affidavit"). The supreme court cited one of our opinions in support of its ruling. *Id.* (citing *Healy v. Wick Bldg. Sys., Inc.*, 560 S.W.2d 713, 721 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.) (op. on reh'g)). In *Healy*, we held:

> "We hold, therefore, under these circumstances, that a court cannot make findings of fact solely from the record on file without hearing evidence and findings so made are without effect. We also hold that in such a situation, the court is bound to accept as true the affidavits of the movant unless his opponent requests an evidentiary hearing."

*Healy*, 560 S.W.2d at 721; *see also Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574, 576 (Tex. App.—Dallas 1989, no writ) ("On a motion for new trial, the trial court is bound to accept as true the affidavits of the movant, unless the opponent requests an evidentiary hearing.").

In *Averitt*, notice of the hearing was sent by certified mail to the defendant's address, but his verified motion for new trial stated the notice was received by his father and not given to him until after the default judgment. *Averitt*, 773 S.W.2d at 576. The plaintiff did not request an evidentiary hearing on the motion or otherwise attempt to controvert the sworn denial of receipt of notice. *Id.*

at 575. Therefore, the trial court abused its discretion by denying the motion for new trial. *Id.; see also Dallas Heating Co. v. Pardee*, 561 S.W.2d 16, 20 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.). Although these cases dealt with the intent or conscious indifference element of the *Craddock* standard, we think they apply equally to proof of whether the defendant received notice of the trial setting.

Here, Searock offered no evidence at the hearing to controvert that Tactical did not receive notice of the trial setting. Nor did Searock offer evidence beyond the conclusory statement in Corley's affidavit to show that Fears received notice by e-mail. Thus, this case is similar to *Healy* where we said:

> A court is, however, justified in determining disputed questions of fact with respect to the "conscious indifference" standard. *However, we know of no authority for a trial court to resolve disputed fact issues without hearing evidence.* Even though facts contained in the Healys' affidavits were disputed by Wick's affidavit as to whether the Healys showed a lack of conscious indifference to the suit, no evidentiary hearing on these disputed issues was requested nor had.

*Healy*, 560 S.W.2d at 721 (emphasis added). Thus, even if Tactical's and Fears's affidavits were controverted about whether they received notice, no evidentiary hearing was requested and the trial court abused its discretion by resolving factual disputes on affidavits alone. *See Pollock*, 858 S.W.2d at 292; *Averitt*, 773 S.W.2d at 576; *Healy*, 560 S.W.2d at 721.[11]

The trial court's findings in its order denying the motion for new trial make clear that it did not credit Fears's affidavit and credited Corley's affidavit. However, disbelieving evidence is not the same as proof of the contrary: "Even if the trial judge disbelieved Mathis's testimony, that would

---

[11]Searock relies on our opinion in *Hanners v. State Bar of Texas*, 860 S.W.2d 903 (Tex. App.—Dallas 1993, no writ) to argue that the trial court acts as a fact finder at a hearing on a motion for new trial. *See id.* at 908. However, in *Hanners* there was an evidentiary hearing with conflicting testimony presented regarding notice. *Id.* at 907. Thus, the trial court did not abuse its discretion by deciding the issue. Here, although affidavits were submitted by opposing parties, Searock did not request an evidentiary hearing on the issue of notice. Thus, the trial court was not authorized to resolve disputed fact issues as to intent or conscious indifference on affidavits alone. *See Pollock*, 858 S.W.2d at 292; *Averitt*, 773 S.W.2d at 576; *Healy*, 560 S.W.2d at 721.

not provide affirmative evidence that service occurred." *Mathis*, 166 S.W.3d at 745 (citing *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) ("When the testimony of a witness is not believed, the trier of fact may simply disregard it. Normally the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion.")). And if the trial court could resolve the conflicting affidavits and accept Corley's affidavit over appellants' affidavits, it would be an abuse of discretion to find that Corley gave them notice of the October 25, 2010 trial setting when his affidavit states the trial setting was August 25, 2010.

## CONCLUSION

The appellants' motion for new trial and affidavits assert facts indicating they did not receive notice of the trial setting. Searock attempted to controvert some of those facts, but failed to request an evidentiary hearing to resolve the conflicting affidavits. We conclude the trial court abused its discretion by denying the motion for new trial. Accordingly, we sustain appellants' first issue.[12]

We reverse the trial court's judgment against Tactical and Fears and remand that portion of the case for further proceedings. In all other respects, we affirm the trial court's judgment.

JIM MOSELEY
JUSTICE

110201F.P05

---

[12] We need not address the legal sufficiency issue because it offers no greater relief than appellants would be entitled to under their first issue. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) (per curiam) (concluding the appropriate remedy for legal insufficiency in a post-answer default judgment case is a remand for a new trial).

–13–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TACTICAL AIR DEFENSE SERVICES, INC., AND GARY FEARS, Appellants

No. 05-11-00201-CV    V.

CHARLES J. SEAROCK, JR., Appellee

Appeal from the 397th Judicial District Court of Grayson County, Texas. (Tr.Ct.No. 07-0322-397).
Opinion delivered by Justice Moseley, Justices FitzGerald and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court against appellants Tactical Air Defense Services, Inc. and Gary Fears is **REVERSED** and that part of this cause is **REMANDED** to the trial court for further proceedings. In all other respects, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellants Tactical Air Defense Services, Inc., and Gary Fears recover their costs of this appeal from appellee Charles J. Searock, Jr.

Judgment entered February 19, 2013.

JIM MOSELEY
JUSTICE