**Opinion filed August 22, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00316-CV

_____

### ART GALVAN, Appellant

### V.

### MIDLAND CENTRAL APPRAISAL DISTRICT, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. TX13799**

## M E M O R A N D U M   O P I N I O N

This appeal concerns a claim for excess proceeds from a tax sale. In a single issue, Appellant asserts that the Midland Central Appraisal District (the District) failed to comply with the notice requirements of Section 34.03 of the Texas Tax Code. *See* TEX. TAX CODE ANN. § 34.03 (West Supp. 2018). We affirm.

*Background Facts*

Appellant did not pay ad valorem taxes on property he owned in Midland County from 2010–2013.  On September 17, 2014, the District, on behalf of the Midland Independent School District, the Midland County Hospital District, and the Midland College District, filed a lawsuit to collect delinquent taxes on the property.  Midland County appeared in the case as an intervenor.  On December 15, 2014, the trial court entered a judgment finding a tax delinquency of $2,910.03.  The district clerk subsequently entered an order of sale on January 16, 2015.  Appellant's property was sold at a tax foreclosure sale on March 3, 2015.  The sale resulted in excess proceeds of $10,389.27, which were deposited in the registry of the trial court.

The district clerk issued Appellant a Notice of Excess Funds on April 23, 2015.  As set forth below, the notice included a prior version of Section 34.04 of the Texas Tax Code.  *See* TAX § 34.04 (West 2015).  The district clerk mailed the Notice of Excess Funds to Appellant by certified mail.  Appellant signed for the notice on May 2, 2015.

On April 19, 2017, Appellant filed a Petition for Release of Excess Proceeds and Notice of Hearing.  On May 24, 2017, the District filed a Motion to Withdraw Excess Proceeds from the Tax Sale.  The District alleged that Appellant did not timely file his petition for release of the excess funds within two years of the date of the tax sale.  The District also filed an Objection to the Defendant's Petition for Release of Excess Proceeds, asserting that Appellant's petition fell outside the two-year period prescribed by the Tax Code as measured from the date of the tax sale.

After a hearing, the trial court denied in part and granted in part Appellant's Petition for Release of Excess Proceeds and granted in part the District's Motion to Withdraw Excess Proceeds from Tax Sale.  In this regard, Midland County declined to receive its pro rata share of the excess proceeds and agreed to allow Appellant to receive the share that the county would have been entitled to receive from the excess

proceeds. Accordingly, the trial court ordered the district clerk to pay to the District the remaining portion of the excess proceeds. The trial court subsequently denied Appellant's motion for new trial. This appeal ensued.

*Analysis*

In his sole issue, Appellant asserts that the district clerk failed to comply with the notice requirements of Section 34.03 because the clerk sent a copy of an older version of Section 34.04 in the notice. Appellant also contends that the notice given by the clerk deprived him of due process under Article 1, section 19 of the Texas Constitution by failing to provide him with the date of the tax sale. We disagree with both contentions.

If the resolution of an issue requires the court to construe statutory language, we apply a de novo standard of review to the statute's construction. *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Excess proceeds from tax foreclosure sales are governed by Sections 34.03 and 34.04 of the Tax Code. Section 34.03(a) requires the clerk to send written notice by certified mail, return receipt requested, to the former owner of the property regarding excess proceeds from a tax sale. *See* TAX § 34.03. Section 34.03(a)(1)(C) requires the clerk to "include[ ] a copy or the complete text of [Section 34.03] and Section 34.04."

The notice provided by the clerk to Appellant contained a recitation of the text of Sections 34.03 and 34.04. The recitation of Section 34.04 in the clerk's notice provided as follows for subsection (a):

> (a) A person, including a taxing unit, may file a petition in the court that ordered the seizure or the sale setting forth a claim to the excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property. The petition is not required to be filed as an original suit separate from the underlying suit for seizure of the property or foreclosure of a tax lien on the property, but may be filed under the cause number of the underlying suit.

3

However, the legislature amended Section 34.04(a) in 2011 to add the words "and the title IV-D agency." *See* Act of May 16, 2011, 82nd Leg., R.S. ch. 508, § 22 Tex. Gen. Laws 1264, 1269 (codified at TEX. TAX CODE § 34.04(a)). As a result of the amendment, Section 34.04(a) read as follows at the time the clerk sent the notice to Appellant:

> (a) A person, including a taxing unit *and the Title IV-D agency*, may file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property. The petition is not required to be filed as an original suit separate from the underlying suit for seizure of the property or foreclosure of a tax lien on the property but may be filed under the cause number of the underlying suit.

(Emphasis added). Appellant contends that the omission of the words "and the Title IV-D agency" rendered the notice sent to Appellant by the clerk ineffective.

When a statute or court rule provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *John v. State*, 826 S.W.2d 138, 141 n.4 (Tex. 1992); *Tactical Air Def. Servs., Inc. v. Searock*, 398 S.W.3d 341, 346–47 (Tex. App.—Dallas 2013, no pet.); *Misium v. Misium*, 902 S.W.2d 195, 197 (Tex. App.—Eastland 1995, writ denied). Thus, we must determine if the clerk followed the notice requirement of Section 34.03 with reasonable strictness by sending a notice to Appellant that omitted a portion of Section 34.04(a). We conclude that the clerk's notice to Appellant complied with the reasonable strictness standard even though a portion of Section 34.04(a) was omitted.

As noted by the Corpus Christi Court of Appeals, Section 34.03 and 34.04 are part of a statutory escheat scheme whereby excess proceeds from a tax sale escheat to taxing entities if a former owner does not establish entitlement to the proceeds within two years from the date of the tax sale. *Coleman v. Victoria Cty.*, 385 S.W.3d

608, 611 (Tex. App.—Corpus Christi 2012, no pet.); *see* TAX §§ 34.03(b), .04(a). "[T]he statute addresses constitutional concerns of due process by requiring specific notice to be given to the former owner of the foreclosed-upon property to assert his or her right to make a claim to the excess proceeds prior to two years from the sale." *Coleman*, 385 S.W.3d at 612 (citing TAX § 34.03(a)(1)). In this instance, the clerk's clerical omission of the reference to "the Title IV-D agency" set out in Section 34.04 did not deprive Appellant of notice of his right to timely make a claim to the excess proceeds, which is the purpose of the notice requirement. Accordingly, the notice provided by the clerk to Appellant complied with the reasonable strictness standard for notice under the statute.

Appellant also asserts that the notice of excess funds was deficient on constitutional grounds because it did not provide him with notice of the date of the tax sale. We note at the outset that the subsection requiring the clerk to provide notice of excess proceeds does not require that the date of the tax sale be included in the notice. *See* TAX § 34.03(a)(1). Furthermore, there is a separate section of the Tax Code that governs notice of a tax sale, and Appellant does not assert that he was not given the notice required by that section. *See id.* § 34.01(c) (requiring the officer conducting the sale to give written notice of the sale to each defendant to the tax judgment).

"Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). In this instance, the clerk's notice of excess proceeds gave Appellant notice approximately twenty-two months prior to the two-year anniversary of the tax sale. The notice informed Appellant that he had two years from the date of the tax sale to file a petition to claim the excess proceeds. Furthermore, the notice indicated that the sale had occurred prior to the issuance of

the notice of excess proceeds. We conclude that the clerk's notice of excess funds afforded Appellant an ample opportunity to be heard at a meaningful time and in a meaningful manner to assert a claim for excess proceeds. We overrule Appellant's sole issue.

## *This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


August 22, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.