**Affirm and Opinion Filed September 14, 2023**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00357-CV

**DAVID BLAIR, Appellant**
**V.**
**THE HOUSING AUTHORITY OF THE CITY OF DALLAS, TX –**
**ROSELAND ESTATES, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-01421-D**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Reichek

In this eviction case, pro se appellant David Blair appeals the county court at law's default judgment awarding possession of certain property to the Housing Authority of the City of Dallas, Texas – Roseland Estates ("DHA"). For reasons that follow, we affirm the trial court's judgment.

On March 4, 2020, DHA filed a sworn complaint for forcible detainer in justice court against appellant and "all other occupants" of an apartment DHA leased to appellant. DHA alleged appellant violated the terms of his lease by pointing a shotgun at another resident on DHA property. Appellant was served but did not

answer, and the justice court awarded possession of the property to DHA. Appellant, who also represented himself the trial court, appealed to the county court at law by filing a statement of inability to pay. He filed an answer, and the case was eventually set for a jury trial on April 19, 2022. The trial court's judgment, signed that day, recites that appellant did not appear for trial. The judgment orders that DHA is entitled to possession of the leased premises and awards it attorney's fees of $1,100 and court costs.

On April 19, appellant filed a motion to set aside the default judgment, supported by his unsworn declaration. In his motion, appellant stated his failure to appear was due to accident or mistake rather than conscious indifference. According to appellant, he arrived in the courtroom three minutes after the court granted judgment for DHA. He was late because of difficulty "securing parking" and a delay at security. He claimed he had several meritorious defenses, among them that he did not breach the lease and had the right to defend himself, his property, and others.

DHA did not respond to appellant's motion to set aside the default judgment or otherwise controvert the factual allegations about conscious indifference in appellant's motion. The motion to set aside was overruled by operation of law. This appeal followed.

On December 8, 2022, this Court notified appellant that his brief failed to comply with Rule 38 of the Texas Rules of Appellate Procedure. Appellant was notified that his brief was deficient because it did not contain: (1) a complete list of

all parties; (2) a table of contents; (3) an index of authorities; (4) a concise statement of the case; (5) the issues presented for review; (6) a concise statement of facts supported by record references; and (7) a succinct, clear, and accurate statement of the argument supported by appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1. We cautioned appellant that failure to file an amended brief within ten days may result in dismissal of the appeal. Appellant did not file an amended brief.[1]

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel. *Id.* at 212. When a party fails to adequately brief a complaint, he waives the issue on appeal. *Id.*

Despite the deficiencies of appellant's brief, we can identify three issues and will address them to the extent necessary to resolve this appeal. Appellant contends (1) his conduct at the apartment was in defense of himself and others and was a result of DHA's failure to address complaints about other residents; (2) he was denied his right to a jury trial; and (3) the county court did not hold a hearing on his motion to set aside the default judgment.

---

[1] In addition, appellant did not request a reporter's record and thus the appellate record does not include a reporter's record of the trial in the county court. *See* TEX. R. APP. P. 37.3(c).

–3–

This is a direct appeal from the county court's default judgment. Before the default judgment can be set aside, appellant must satisfy the *Craddock v. Sunshine Bus Lines, Inc.* standard. *Charles v. Crown Asset Mgmt., LLC*, No. 05-18-01139-CV, 2019 WL 6317867, at *1 (Tex. App.—Dallas Nov. 26, 2019, no pet.) (mem. op.); *see Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Under *Craddock*, appellant must show: (1) his failure to appear was not intentional or the result of conscious indifference; (2) he has a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to DHA. *Charles*, 2019 WL 6317867, at *1.

We first address whether the trial court was required to hold a hearing on appellant's motion to set aside the default judgment, which is equivalent to a motion for new trial.[2] Generally, a hearing on a motion for new trial is not mandatory. *Carson v. El Capitan Apartments*, No. 05-13-01481-CV, 2015 WL 169879, at *2 (Tex. App.—Dallas Jan. 14, 2015, no pet.) (mem. op.). A trial court is required to conduct a hearing on a motion for new trial only when the motion presents a question of fact upon which evidence must be heard. *Id.* Here, because appellant's allegations in support of his motion for new trial were uncontroverted, the trial court was not required to hold an evidentiary hearing on the motion. *See Estate of Pollack*

---

[2] The county court's docket sheet shows that a hearing on appellant's motion was scheduled for the afternoon of June 13, 2022. Appellant states in his brief that the hearing was to be held virtually and that he logged on, but no hearing was held. DHA did not file an appellate brief. We will therefore accept this factual statement as true. *See* TEX. R. APP. P. 38.1(g).

*v. McMurrey*, 858 S.W.2d 388, 391–92 (Tex. 1993); *Tactical Air Defense Servs., Inc. v. Searock*, 398 S.W.3d 341, 348–49 (Tex. App.—Dallas 2013, no pet.); *see also In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (if movant's uncontroverted factual allegations are sufficient under *Craddock*, it is an abuse of discretion to deny motion for new trial).

Appellant also complains that he was not afforded a jury trial despite having requested one. A party who fails to appear at trial after filing an answer waives the right to a jury trial. *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) (per curiam); *see* TEX. R. CIV. P. 220 ("Failure of a party to appear for trial shall be deemed a waiver by him of the right to a trial by jury.").

Finally, we construe appellant's brief to contend that he had meritorious defenses to eviction. This is just one of the *Craddock* elements. Appellant has not argued in this Court that he satisfied all three *Craddock* elements, and as a result, has not met his burden to show the trial court erred in not setting aside the default judgment. *See Stewart v. C.L. Trammell Props., Inc.*, No. 05-14-01027-CV, 2005 WL 2234607, at *3 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (mem. op.) (because appellant raised only meritorious defense element of *Craddock* on appeal, this Court could not conclude trial court abused its discretion in denying motion for new trial).

We affirm the trial court's judgment.

220357f.p05

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID BLAIR, Appellant

No. 05-22-00357-CV          V.

THE HOUSING AUTHORITY OF
THE CITY OF DALLAS, TX –
ROSELAND ESTATES, Appellee

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-20-01421-
D.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellee THE HOUSING AUTHORITY OF THE CITY
OF DALLAS, TX – ROSELAND ESTATES recover its costs of this appeal from
appellant DAVID BLAIR.

Judgment entered this 14th day of September 2023.