

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00142-CV

IN THE MATTER OF THE MARRIAGE OF JERRY BRACKEN AND
CRISTINA BRACKEN AND IN THE INTEREST OF H.L.B., A CHILD

On Appeal from the 481st District Court
Denton County, Texas[1]
Trial Court No. 23-11472-481, Honorable Crystal Levonius, Presiding

June 9, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant Cristina Bracken appeals a post-answer default judgment granted in favor of Appellee Jerry Bracken. By eight issues, she claims the trial court erred in several aspects of the case. We reverse the judgment.

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket equalization order of the Supreme Court of Texas. TEX. GOV'T CODE § 73.001. Where there is a conflict with the precedent of this Court, this appeal has been decided in accordance with the precedent of the Second Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

## BACKGROUND

In December 2023, a few months after the birth of their son, Jerry Bracken filed an original petition for divorce to dissolve his marriage to Cristina Bracken. While Cristina was initially able to retain counsel, her attorney withdrew by the end of April 2024. By July, she had found new representation, but the firm withdrew by the end of August 2024. Cristina proceeded pro se for the remainder of the proceedings.

The trial court set the final trial in this matter for February 24, 2025, at 9:00 a.m. While this date appeared in the motion for withdrawal filed by Cristina's second set of attorneys, Cristina failed to appear at trial. At trial and after hearing evidence, the trial court rendered a default judgment in favor of Jerry. The judgment, among other things, granted Jerry sole custody of their child, denied Cristina access to her child, ordered her to pay child support, and ordered her to pay half of all daycare costs. After receiving notice of the default judgment, Cristina—still proceeding pro se—filed a notice of appeal, a motion to set aside the default judgment, and a motion for new trial. The trial court did not rule on the motions, and the motions were overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

By this appeal, Cristina argues the trial court erred by the following: (1) dividing the marital estate; (2) denying her access to her child and finding she poses a danger to her child's physical health and emotional welfare; (3) granting a permanent injunction against her without sufficient evidence; (4) waiving on her behalf the issuance and service of a writ of injunction; (5) ordering her to pay $786.05 in monthly child support payments; (6) ordering her to pay 50% of her child's daycare expenses as additional child support;

2

(7) restricting the residence of her child to the State of Texas; and (8) determining she received proper notice of the final trial.

### ISSUE EIGHT—NOTICE OF THE FINAL TRIAL

We begin with Cristina's eighth issue first because it offers her the greatest relief. Cristina argues the trial court erred by finding that Cristina received proper notice of the final trial. Thus, she did not appear at final trial and was not able to present her case. We agree.

### STANDARD OF REVIEW

Cristina filed a restricted appeal, but Jerry insists we should treat this appeal as a direct appeal. Because of the differing standards of review, before addressing the merits of Cristina's complaint on this issue, we must first address whether this is a restricted or direct appeal. Cristina timely filed a notice of appeal challenging the judgment from the final hearing on March 17. The trial court signed the final decree of divorce on March 18. Even though her filing of her notice of appeal was premature at the time, we deem her notice filed after the date of the signing of the judgment. TEX. R. APP. P. 27.1(a). Therefore, we treat this appeal as a direct appeal from a post-answer default judgment.[2]

The standard of review for a post-answer default judgment, in which the appellant filed an answer but did not appear at trial, is the same as a no-answer default judgment, in which the appellant did not file an answer or appear in the case. *Hampton v. Hampton*,

---

[2] "A restricted appeal permits a direct attack on a default judgment when the deadline for filing an ordinary appeal has passed." *Shamrock Enters., LLC v. Top Notch Movers*, LLC, __ S.W.3d__, No. 24-0581, 69 Tex. Sup. Ct. J. 208, 2026 Tex. LEXIS 37, at *3 (Jan. 16, 2026) (citations omitted).

3

No. 02-23-00080-CV, 2024 Tex. App. LEXIS 2553, at *6 n.5 (Tex. App.—Fort Worth Apr. 11, 2024, no pet.) (mem. op.) (citation omitted). If a party has no notice of the trial setting at which a post-answer default judgment is granted, then the party is entitled to a new trial. *Yeoung Jin Kim v. Kim*, No. 02-19-00228-CV, 2020 Tex. App. LEXIS 6919, at *13 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) (mem. op.). We review the denial of a new-trial motion for an abuse of discretion. *1 Solar Sol., LLC v. S&A Wholesale Inc.*, No. 02-25-00220-CV, 2025 Tex. App. LEXIS 8204, 2025 WL 2989767, at *2 (Tex. App.—Fort Worth Oct. 23, 2025, no pet.) (mem. op.) (citations omitted). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Id*.

To set aside the default judgment here, Cristina must satisfy the three-factor standard established in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). However, when a party receives no notice of a trial setting, she satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *In re K.B.A.*, 145 S.W.3d 685, 692 (Tex. App.—Fort Worth 2004, no pet.) (citations omitted).

**ANALYSIS**

Cristina argues her due process rights were violated because she did not receive notice of the final trial setting. In response to Cristina's notice argument, Jerry argues the trial court could have found Cristina had notice of the trial setting through: (1) imputed

4

notice because Cristina was still represented when the final trial setting was entered, and (2) a presumption of service of pleadings containing the final trial setting.

Default judgments are greatly disfavored under Texas law, consistent with the strong policy preference for adjudicating cases on the merits. *Tabakman v. Tabakman*, 728 S.W.3d 703, 707 (Tex. 2025) (citing *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 921, 925 (Tex. 2024), quotations and edit omitted). Accordingly, any doubts about a default judgment—not just doubts about service—must be resolved against the party who secured the default. *Id*. at 708 (quotations omitted).

Furthermore, the right to receive trial notice is fundamental to the administration of justice. *See Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019). Due process demands that a party be afforded an opportunity to be heard. *Id.* Once a defendant makes an appearance, that defendant is entitled to notice of the trial setting. *Tactical Air Def. Servs. v. Searock*, 398 S.W.3d 341, 344 (Tex. App.—Dallas 2013, no pet.). Notice may be either actual or constructive, if it is reasonably calculated under the circumstances to apprise the party of the pendency of the action and to provide an opportunity to present objections. *In re C.C.C.*, No. 11-23-00041-CV, 2023 Tex. App. LEXIS 6320, at *11 (Tex. App.—Eastland Aug. 17, 2023, no pet.) (mem. op.).

We have carefully reviewed the record for any evidence relevant to notice. As discussed in detail below, we note the following facts critical to our decision:

1.  Cristina was represented by an attorney on August 8, 2024, when the parties supposedly agreed to the final trial date as February 24, 2025.

5

However, no notice of hearing for final trial is included in the Clerk's Record, and it is only referenced in the Register of Actions.

2.     On August 12, 2024, Cristina's counsel of record filed a Motion for Withdrawal of Counsel, claiming they were unable to effectively communicate with their client.  The motion stated pending settings and deadlines, including the final trial setting for July 24, 2025.  The motion also stated, "A copy of this *Motion* has been delivered to CRISTINA BRACKEN, who is hereby notified in writing of her right to object to this *Motion*."  It then listed Cristina's last known address and an email address.  The motion contained a notice to Cristina of her right to object to the motion.  The certificate of service on the motion, signed by attorneys for Cristina, stated, "I certify that a true copy of this Motion for Withdrawal of Counsel was served in accordance with rule 21a of the Texas Rules of Civil Procedure on the following on August 12, 2024:"  Below this statement, Cristina's counsel listed Jerry's counsel of record.  Also, attached to the motion was an Automated Certificate of eService, which did not list Cristina.

3.     Cristina did not file a response to the motion.

4.     Without holding a hearing, on August 27, 2024, the trial court entered an Order on the Motion for Withdrawal of Counsel, which included the final trial date.  This order makes a finding that a copy of the motion was delivered to Cristina.  We also note this order confirmed Cristina's mailing address and ordered "all notices in this case shall be either delivered to

6

CRISTINA BRACKEN in person or sent to CRISTINA BRACKEN at that address by both certified and regular first-class mail."

5. While the August 27, 2024 Order includes an automated certificate of eService, it does not list Cristina, and no other proof of service on Cristina is provided.

6. Subsequent motions and orders filed in the case include a certificate of service indicating Cristina was served through the electronic filing manager system. None of them mention service to Cristina in person or by certified and regular mail. None of these motions and orders state the final trial date.

7. At final trial, the trial court called the hall for Cristina and indicated she was not present on the record.

8. Prior to presenting his case, Jerry's counsel reiterated that the Order for the Motion for Withdrawal of Counsel was filed, mailed to Cristina, and emailed to Cristina.

9. On the record, the trial court takes judicial notice of the items Jerry's counsel references and "the Court's file."

10. No sworn testimony or exhibits were presented that confirmed that Cristina received citation, notice, expressly or constructively or that otherwise indicated Cristina's personal knowledge of the final trial setting.

7

11.     Trial court made no finding on the record that Cristina was duly and properly cited.[3]

12.     After filing her Notice of Appeal on March 18, 2025, Cristina also filed a Motion to Set Aside Default Judgment, which included her unsworn statement that she was "[n]ot served or notified" and "I was not properly notified.  I showed up at the wrong time, hearing was over by the time I got to court."

13.     On April 17, 2025, Cristina also filed a Motion for New trial, which included arguments related to improper service and/or notice and default judgment.  She included an affidavit with this motion.

Imputed Notice Through Counsel

Jerry argues the notice requirement was satisfied when Cristina's attorneys at that time agreed to the final trial date on August 8, 2024.  However, the attorney-client relationship is one of principal and agent.  *See Gavenda v. Strata Energy, Inc*., 705 S.W.2d 690, 693 (Tex. 1986).  "Where the agent abandons his office before conclusion of the proceedings, any knowledge possessed by the agent cannot be imputed to the principal."  *Tactical Air Def. Servs.*, 398 S.W.3d at 346 (citing

---

[3] Importantly, although the record is devoid of any evidence or sworn testimony supporting the notice contentions of Jerry's counsel, trial court noted this particular finding in its Final Decree of Divorce.  Specifically, the trial c recited, "Respondent, CRISTINA BRACKEN, although duly and property [sic] cited did not appear and wholly made default."  Regardless of the recitation in the trial court's order, there is no evidence in the record to support this finding.  At most, the judicial docketing entries simply reveal that Cristina did not appear.

*Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex. App.—Houston [14th Dist.] 1991, no writ).

In seeking to withdraw from representation, Cristina's attorneys did not comply with the requirements of Rule 10. *See* TEX. R. CIV. P. 10. The rule requires an attorney seeking to withdraw from representing his clients to give them notice either in person or by mail at their last known address by both certified and regular first-class mail. *Id*. The motion does not indicate it was delivered in this manner. This failing is significant in the context of determining whether notice should be imputed to Cristina.

When a statute or court rule provides the method by which notice shall be given in a particular instance, the notice provision must be followed with reasonable strictness. *John v. State*, 826 S.W.2d 138, 141 n.4 (Tex. 1992); *Gadberry Constr. Co. v. Raney*, No. 02-18-00263-CV, 2019 Tex. App. LEXIS 6189, at *3 (Tex. App.—Fort Worth July 18, 2019, no pet.) (mem. op.) ("An attorney may withdraw from representing a client only if the attorney satisfies civil-procedure rule 10's requirements."). Withdrawal rules contain provisions designed to protect the client's interests. *Moss v. Malone*, 880 S.W.2d 45, 50 (Tex. App.—Tyler 1994, writ denied) (op. on reh'g).

Adequate notice is not a mere formality. By failing to comply with the requirements of rule 10 and its provisions designed to ensure clients are notified when their attorney withdraws, Cristina's former attorneys deprived her of valuable due process rights. Unexplained difficulty communicating with clients does not excuse their failure to comply with the straightforward requirements of rule 10. Under the facts of this case and considering the importance of preserving a client's right to due process when an attorney

withdraws, we conclude that Cristina's former attorneys' knowledge of the trial setting cannot be imputed to her.

Presumption of Service

Because the date was also included in the Order on Motion for Withdrawal of Counsel, Jerry also relies heavily on the presumption of service under Rule 21a. All pleadings are required to be served under Rule 21a and must contain a certificate of service in the document itself. *See* TEX. R. CIV. P. 21(d), 21a(a). Notice sent pursuant to Rule 21a permits the court to presume that notice was received. *Id*.; *Mathis*, 166 S.W.3d at 745. However, this presumption cannot be raised when service cannot be proved, and the record is devoid of evidence that appellant had been properly served notice pursuant to Rule 21a. *Mathis*, 166 S.W.3d at 745. Without the presumption, a party alleging lack of notice does not initially bear the burden of proof. *Id*. As a practical matter, when it cannot be presumed that service was provided pursuant to Rule 21a, other than to challenge service by disputing receipt of notice, an appellant can only reference the trial court's record and point out an absence of a return of service or other written evidence of notice.

Here, neither the Motion for Withdrawal of Counsel, the corresponding order, nor the attached certificates of service indicate Cristina was served by any method, let alone the ones specified in Rule 21a. Furthermore, the fact that the order specifically directed notices to be delivered in person or by certified and regular mail creates a court-ordered method of service. Subsequent service by email would be non-compliant with the trial court's order and Rule 21a, meaning no presumption of receipt arises. In the absence of

10

a certificate of service or some other competent evidence of service, a court cannot presume that notice was received. *See Mathis*, 166 S.W.3d at 745. Additionally, Jerry's attorney's unsworn assertion of notice to Cristina at the final hearing is not evidence that leads to a presumption of notice either. At the final trial, Jerry's attorney discussed the background of the case and asked the trial court to take judicial notice of the contents of the court's file, presumedly to prove that Cristina had notice of trial. However, an attorney's statements are generally not evidence. *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 491 (Tex. App.—Fort Worth 2022, no pet.). And, without discussing whether judicial notice was proper, based on our review of the record, the trial court's file does not support a presumption of notice.

Without imputed notice or the presumption of notice, there was no evidence that Cristina received notice of the trial setting. No other alternatives established service of notice. With no notice of the trial setting, Cristina satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Mathis*, 166 S.W.3d at 744. Accordingly, we sustain Cristina's eighth issue.

## CONCLUSION

We reverse the judgment of the trial court and remand this matter for a new trial. Because we have reversed the trial court's judgment, we need not address the remainder of Cristina's issues, as they are rendered moot. TEX. R. APP. 47.1.

Laura A. W. Pratt
Justice

11