

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

## No. 07-17-00443-CV

———————————————

### IN RE FDB POOLS, INC. D/B/A AMARILLO CUSTOM POOLS

Original Proceeding
Arising Out of Proceedings before the 223rd District Court
In and For Gray County, Texas
Trial Court No. 38,794; Honorable Phil N. Vanderpool, Presiding

January 2, 2018

## OPINION

Before QUINN, C.J., and CAMPBELL, and PIRTLE, JJ.

For the want of a nail the shoe was lost,
For the want of a shoe the horse was lost,
For the want of a horse the rider was lost,
For the want of a rider the battle was lost,
For the want of a battle the kingdom was lost,
And . . . all for the want of a nail.

— **Benjamin Franklin**

Relator contends that for want of an "n" the due process principle of reasonable diligence in effecting service of process should be lost. We disagree.

Relator, FDB Pools, Inc., d/b/a Amarillo Custom Pools, brings this original mandamus proceeding seeking to compel the Honorable Phil N. Vanderpool to vacate his order granting a new trial in Cause No. 38,794, in the 223rd District Court in and for Gray County, Texas, following the entry of a default judgment against the Real Party in Interest, Krisu Hospitality, LLC. By two arguments, FDB Pools contends the order granting a new trial was inappropriate because (1) the trial court lacked both a factual and legal basis for granting a new trial and (2) the order failed to set out in reasonable detail the court's justification for issuing that order.

BACKGROUND

FDB Pools constructed a swimming pool at Krisu's newly constructed motel in Pampa, Gray County, Texas, on behalf of M&L Builders, Inc. When M&L failed to make payment as required by its contractual arrangement, FDB Pools filed a document entitled *Affidavit Claiming Lien*, claiming a mechanic's and materialmen's lien against the Gray County property and the retainage funds being held by Krisu. Thereafter, on March 3, 2017, FDB Pools filed suit against Krisu and M&L seeking the recovery of sums due and execution of the liens against the property and retainage funds.

At the time suit was filed, FDB Pools requested the issuance of service of citation as to Krisu "by serving its registered agent PIYUSH PATEL, 6 SHINECOCK DR., AMARILLO, TEXAS, 79124," because that was the address of the registered agent as maintained by the Texas Secretary of State. The actual address was 6 Shinnecock Dr. (with two "n"s), as opposed to 6 Shinecock Dr. (with one "n"). Without attempting to personally serve the registered agent at that address, FDB Pools's process server "concluded" that the address did not exist because a search of the Potter-Randall

2

Appraisal District's website yielded no results.[1]  Based on the process server's conclusion that the address did not exist, FDB Pools filed an amended petition seeking service of process as to Krisu by serving the Texas Secretary of State pursuant to the provisions of section 5.251 of the Texas Business Organizations Act.  That act provides as follows:

> The secretary of state is an agent of an entity for purposes of service of process, notice or demand on the entity if:
>
> (1) The entity is a filing entity or a foreign filing entity and;
>
> (A) The entity fails to appoint or does not maintain a registered agent in this state; or
>
> (B) The registered agent of the entity cannot *with reasonable diligence* be found at the registered office of the entity; . . . .

TEX. BUS. ORGS. CODE ANN. § 5.251 (West 2012) (Emphasis added).

When Krisu did not timely file an answer after service of process upon the Secretary of State, FDB Pools requested and obtained a default judgment for sums allegedly due.  FDB Pools did not seek foreclosure of a mechanic's and materialmen's lien on the property or the retainage.   Thereafter, Krisu timely filed its *Motion for New Trial*, alleging FDB Pools's process server failed to use reasonable diligence in his attempts to serve its registered agent.  Following a hearing on the merits of Krisu's motion for new trial, the trial court entered its order granting a new trial and specifically finding (1) Krisu "was not properly served" and (2) there was "good cause" to vacate the default judgment.  By this mandamus proceeding, FDB Pools seeks to have this court order the trial judge to vacate the order granting a new trial and reinstate the default judgment.

---

[1] The website of the Potter-Randall Appraisal District is www.prad.org. It should be noted that a property search "By Owner," using the name of the registered agent, Piyush Patel, yields Property ID No. R-044-3700-3155-0, with the address: 6 Shinnecock Dr.

Mandamus is an extraordinary remedy granted only when a relator shows that the trial court abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

Analysis

By its first argument, FDB Pools maintains the trial court lacked both a factual and legal basis for granting a new trial. It premises its argument on the idea that because Krisu was required to maintain a registered office on file with the Secretary of State, and because the registered office on file incorrectly spelled the street name with one "n" instead of two, then it was relieved of any duty to use "reasonable diligence" in serving Krisu because that address was a "fictitious, non-serviceable address." FDB Pools contends that Krisu's suggestion that it "google" the address or use a different search website to locate the address is not reasonable because any such requirement would

4

improperly "add to" its statutory burden when obtaining service of process by service upon the Secretary of State. That argument is nonsense. The statutory burden is "reasonable" diligence, nothing more, nothing less. Furthermore, reasonable diligence is not a difficult concept to grasp. It is certainly something more than plugging an address into one website, obtaining no result, and then just "concluding" that the address is fictitious and non-existent. Nothing in the record reflects that FDB Pools or its process server ever tried to personally serve Krisu at the Shinnecock address, or that it did anything to discover the location of Shinnecock Drive, other than to search one of many available websites—and even then, not a "location" website. In today's world of the information super-highway with multiple mapping or location websites available, we cannot say the trial court abused its discretion in concluding that, under the facts of this case, the process server did not use "reasonable diligence" to secure proper service of process upon Krisu. Where a defendant has not been properly served with citation, a default judgment cannot be sustained. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 884-85 (Tex. 1985) (per curiam). Because there is both a factual and legal basis for the trial court to grant a new trial, it did not abuse its discretion in doing so. FDB Pools's first argument is rejected.

By its second argument, FDB Pools maintains the trial court's order granting a new trial fails to set out in reasonable detail the court's justification for issuing that order. The trial court's order, in its entirety, provides as follows:

On <u>July 20, 2017</u>, the Court considered the Defendant Krisu Hospitality LLC's Amended Motion for a New Trial, the response thereto, and the evidence adduced at the hearing, and enters the following findings:

(1) Defendant Krisu Hospitality, LLC was not properly served with this suit.

(2) There is good cause to vacate the default judgment.

**IT IS ORDERED THAT** Defendant Krisu Hospitality, LLC's Amended Motion for a New Trial is **GRANTED** based on the findings herein and in the interests of justice.

As FDB Pools correctly points out in its brief, the Texas Supreme Court has held that in granting a new trial in a jury case, a trial court cannot set aside an otherwise valid judgment by merely clothing it under the vague justification of "in the interests of justice." *See In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204, 211-12 (Tex. 2009). Assuming the principles of the *Las Colinas* case are even applicable to a new trial in a default judgment entered by a trial court after a bench trial, the order here does not rely solely on the concept of "in the interests of justice." Here, the trial court makes the express finding that Krisu was "not properly served" and that "good cause" exists to justify vacating the prior default judgment. Accordingly, FDB Pools's second argument is rejected.

CONCLUSION

Because the trial court did not abuse its discretion in granting Krisu's motion for new trial, FDB Pools's petition for writ of mandamus is denied.

Per Curiam

6