

# NUMBER 13-20-00429-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SANTOS VALENTIN RAMOS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Longoria[1]**

Relator Santos Valentin Ramos filed a petition for writ of mandamus in the above cause on October 16, 2020, contending through two issues that the trial court erred in granting a motion for new trial following a default judgment. The Court requested a response to the petition for writ of mandamus and received responses from the real

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

parties in interest Taylor Leann Shafter and the Office of the Attorney General (OAG). We deny the petition for writ of mandamus.[2]

Ramos filed an original petition for divorce from Shafter on January 16, 2020. Shafter did not answer. Because there was an existing child support order, the OAG intervened on February 19, 2020. The trial court set a final hearing on the divorce petition; neither Shafter, either individually or through her attorney of record, nor the OAG were notified of the trial setting. The hearing was held on September 18, 2020 and the trial court signed a default divorce decree naming Ramos as managing conservator of the child of the marriage and appointing Shafter as possessory conservator.

On October 6, 2020, Shafter filed a motion for new trial on the grounds that she did not receive notice of the hearing and had not filed an answer in the matter. Ramos opposed the motion. The trial court held a hearing on October 13, 2020, at which Ramos, Shafter, and the OAG appeared. The OAG informed the trial court that it had not received notice of trial setting even though it had filed an intervention. The trial court orally granted Shafter's motion for new trial. Shafter and the OAG announced they were prepared to go forward with trial at that time, but Ramos objected. A hearing was set for October 19, 2020, and temporary orders were proposed. The trial court signed an order granting the motion for new trial. This original proceeding ensued. Ramos contends that the trial court erred by: (1) granting a new trial when the *Craddock* standards had not been met; and (2) entering temporary orders where a written request was not made. *See Craddock v.*

---

[2] This original proceeding arises from trial court cause number 20-01-85376-D in the 377th Judicial District Court of Victoria County, Texas, and the respondent is the Honorable Robert E. Bell. *See id*. R. 52.2.

2

*Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)[3]; TEX. FAM. CODE ANN. § 105.001(a)(1), (2).

## I. MANDAMUS

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Garza*, 544 S.W.3d at 840; *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 304; *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

---

[3] *Craddock* established the circumstances under which a trial court "must," or is "required to," set aside a default judgment and order a new trial. *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (discussing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). Under *Craddock*, a default judgment should be set aside and a new trial granted if (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Craddock*, 133 S.W.2d at 126; *Tactical Air Def. Servs., Inc. v. Searock*, 398 S.W.3d 341, 344 (Tex. App.—Dallas 2013, no pet.).

The trial court has discretion to grant a new trial for "good cause," however this discretion has limits. *In re Davenport*, 522 S.W.3d 452, 456 (Tex. 2017) (orig. proceeding); *see* TEX. R. CIV. P. 320; *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding). An appellate court may by mandamus direct a trial court to vacate a new trial order in one of three ways: (1) when a merits-based review of the record establishes that the trial court abused its discretion, (2) when the trial court's order was void, or (3) when the trial court erroneously finds that the jury's answers to special issues are irreparably conflicting. *In re Davenport*, 522 S.W.3d at 456; *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 758–59 (Tex. 2013) (orig. proceeding). However, this Court and others have generally not applied mandamus review to new trial orders following non-jury dispositions. *See In re FDB Pools, Inc.*, 541 S.W.3d 391, 394–95 (Tex. App.—Amarillo 2018, orig. proceeding) (per curiam) (declining mandamus relief while assuming, but not deciding, that principles regarding new trial review by mandamus "are even applicable to a new trial in a default judgment entered by a trial court after a bench trial"); *see also In re PandaLand Holding (HK) Ltd.*, No. 05-19-01259-CV, 2020 WL 255685, at *1 (Tex. App.—Dallas Jan. 17, 2020, orig. proceeding) (mem. op.) (denying mandamus review); *In re Amaya*, No. 08-18-00192-CV, 2018 WL 6039697, at *1 (Tex. App.—El Paso Nov. 19, 2018, orig. proceeding) (mem. op.) (same); *In re J.C.*, No. 14-18-00904-CV, 2018 WL 5797366, at *2 (Tex. App.—Houston [14th Dist.] Nov. 6, 2018, orig. proceeding) (per curiam) (mem. op.) (same); *In re Procesos Especializados en Metal, S.A. de C.V.*, No. 04-14-00543-CV, 2014 WL 4347724, at *3 (Tex. App.—San Antonio Sept. 3, 2014, orig. proceeding [mand. denied]) (mem. op.) (same); *In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13–13–00644–CV, 2014 WL 1633098,

*11 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2014, orig. proceeding) (mem. op.) (same). These cases have generally considered that the "exceptional circumstances" that support mandamus review is not present in non-jury cases. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 748–49 ("Without . . . an explanation [for setting aside a jury verdict and granting a new trial], parties in the case can only speculate about why the court ostensibly circumvented a critical constitutional right."); *see id*. at 762–63 (Lehrmann, J. concurring) (noting that concerns regarding transparency in setting aside a jury verdict are not present with regard to orders issued after bench trials); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136 (stating that mandamus review of incidental, interlocutory rulings "unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation").

The Court, having examined and fully considered the second amended petition for writ of mandamus, the response, and the applicable law, is of the opinion that the relator has failed to meet his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
29th day of March, 2021.

5